[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15246
_____

D.C. Docket No. 4:13-cr-00043-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIK LINDSEY HUGHES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 27, 2017)

Before WILLIAM PRYOR, JORDAN, and BALDOCK,* Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

_____

* Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by
designation.

This appeal requires us to apply the rule of *Marks v. United States*, 430 U.S. 188 (1977), to the splintered opinion in *Freeman v. United States*, 564 U.S. 522 (2011), to determine whether a defendant who entered into a plea agreement that recommended a particular sentence as a condition of his guilty plea is eligible for a reduced sentence, 18 U.S.C. § 3582(c)(2). Erik Hughes pleaded guilty to drug and firearm offenses and entered into a binding plea agreement with the government, Fed. R. Crim. P. 11(c)(1)(C). The district court accepted the agreement and sentenced Hughes according to the agreement. Hughes then sought a sentence reduction permitted for defendants who have been "sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). In *Freeman*, the justices divided over the question whether a defendant sentenced under a binding plea agreement was sentenced "based on a sentencing range." 564 U.S. at 525, 534. The district court determined that Justice Sotomayor's concurring opinion stated the holding in *Freeman* because she concurred in the judgment on the narrowest grounds, *Marks*, 430 U.S. at 193, and it denied Hughes's motion based on the reasoning of that concurring opinion. We agree on both counts. Hughes is ineligible for a sentence reduction because he was not sentenced "based on a sentencing range," 18 U.S.C. § 3582(c)(2), that has since been lowered. We affirm.

2

## I. BACKGROUND

In 2013, a federal grand jury returned an indictment that charged Erik Hughes in four counts for drug and firearm offenses. Hughes pleaded guilty to two counts: conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, 21 U.S.C. §§ 841(b)(1)(A)(viii), 846, and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). In the plea agreement, Hughes and the government agreed to a sentence of 180 months of imprisonment.

At the sentencing hearing, the district court calculated Hughes's guidelines range and determined that his sentencing range under the United States Sentencing Guidelines was 188 to 235 months. The district court then accepted the plea agreement, which bound the court to impose the below-guidelines sentence recommended by the parties. *See* Fed. R. Crim. P. 11(c)(1)(C). So the district court sentenced Hughes to 180 months of imprisonment.

Just over a year later, Hughes filed a motion to reduce his sentence, 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows a court to reduce the term of imprisonment of "a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Hughes sought a reduction based on Amendment 782 to the Sentencing Guidelines, which reduced the offense levels for certain drug offenses by two levels and applies retroactively. *See* United States Sentencing Guidelines Manual § 1B1.10 (Nov.

2015). According to Hughes, applying the amendment would reduce his guidelines range to 151 to 188 months.

The district court denied Hughes's motion. It determined that Hughes was ineligible for a reduced sentence. It reasoned, based on Justice Sotomayor's concurring opinion in *Freeman*, that the sentence in Hughes's binding plea agreement was not "based on" a sentencing guidelines range as required by section 3582(c)(2).

## II. STANDARDS OF REVIEW

"We review a district court's decision whether to reduce a sentence pursuant to [section] 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). Like all questions of statutory interpretation, we review the conclusions of the district court about the scope of its legal authority under section 3582(c)(2) *de novo*. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).

## III. DISCUSSION

We divide our discussion in two parts. First, we explain that Justice Sotomayor's concurring opinion in *Freeman* constitutes the holding of that decision because it is the "position taken by th[e] [Justice] who concurred in the judgment[] on the narrowest grounds." *Marks*, 430 U.S. at 193 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (opinion of Stewart, Powell, and Stevens,

4

JJ.)). Second, we explain that the district court correctly denied Hughes's motion for a sentence reduction because applying the holding of *Freeman*, Hughes was not sentenced based on a sentencing guidelines range, *Freeman*, 564 U.S. at 538–39 (Sotomayor, J., concurring in the judgment).

A. *Justice Sotomayor's Concurring Opinion Stated the Holding in* Freeman.

Federal courts ordinarily may not "modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), but "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Such a defendant may have his sentence reduced after the court "consider[s] the factors set forth in [18 U.S.C.] § 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2).

In *Freeman*, the Supreme Court split over the question whether defendants like Hughes who enter into plea agreements that recommend a particular sentence as a condition of their guilty plea were sentenced "based on a sentencing range." 564 U.S. at 525 (plurality opinion). William Freeman entered into a plea agreement with the government under Rule 11(c)(1)(C), and the district court accepted the agreement and imposed the recommended sentence. *Id.* at 527–28. The Sentencing

5

Commission later issued a retroactive amendment that lowered the guidelines range applicable to Freeman's conduct, and he moved for a sentence reduction, 18 U.S.C. § 3582(c)(2). *Id.* at 528. The district court denied Freeman's motion, and the Sixth Circuit affirmed. *Id.* But the Supreme Court, in a five to four decision, reversed. *Id.* at 525–526

Five justices agreed that the district court could reduce Freeman's sentence, but those justices differed in their reasoning. The plurality opinion, joined by four justices, determined that the "[t]he district judge's decision to impose a sentence may . . . be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C)." *Id.* at 526. "In every case the judge must exercise discretion to impose an appropriate sentence" and "[t]his discretion, in turn, is framed by the Guidelines." *Id.* at 525. But Justice Sotomayor concurred only in the judgment. *Id.* at 534.

Justice Sotomayor's concurring opinion determined that "the term of imprisonment imposed by a district court pursuant to an agreement authorized by Federal Rule of Criminal Procedure 11(c)(1)(C) . . . is 'based on' the agreement itself, not on the judge's calculation of the Sentencing Guidelines." *Id.* (Sotomayor, J., concurring in the judgment). Under this view, if a plea agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," the acceptance of the agreement by the district court "obligates the court to sentence

6

the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range." *Id.* at 538. And if a plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty," then "[a]s long as that sentencing range is evident from the agreement itself," the term of imprisonment imposed is "based on" that range. *Id.* at 539.

"When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" *Marks*, 430 U.S. at 193 (quoting *Gregg*, 428 U.S. at 169 n.15). "The *Marks* Court did not elaborate on how to identify the narrowest grounds." Bryan A. Garner, *et al.*, *The Law of Judicial Precedent* 199–200 (2016). "But the prevailing view is that the narrowest grounds are those that, when applied to other cases, would consistently produce results that a majority of the Justices supporting the result in the governing precedent would have reached." *Id.* at 200. We have explained that the "'narrowest grounds' is understood as the 'less far-reaching' common ground." *United States v. Robison*, 505 F.3d 1208, 1221 (11th Cir. 2007) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1247 (11th Cir.

2001)). When determining which opinion controls, we do not "consider the positions of those who dissented." *Id.*

Justice Sotomayor's opinion in *Freeman* provides the narrowest ground of agreement because her concurring opinion establishes the "le[ast] far-reaching" rule. District courts are required to consult the guidelines before sentencing a defendant, *see Freeman*, 564 U.S. at 525–26 (plurality opinion), and district courts may not accept an agreement under Rule 11(c)(1)(C) "without first evaluating the recommended sentence in [the] light of the defendant's applicable sentencing range." *Id.* at 529; *see also* U.S.S.G. § 6B1.2. Under the logic of the plurality opinion, the guidelines range always "provide[s] a framework or starting point—a basis, in the commonsense meaning of the term—for the judge's exercise of discretion" in deciding to accept a plea agreement under Rule 11(c)(1)(C). *Id.* Justice Sotomayor's opinion, by contrast, provides two examples in which a sentence is based on a sentencing range.

Both opinions agree on the broader principle that defendants sentenced based on a binding plea agreement can later have their sentences reduced under section 3582(c)(2), but the concurring opinion uses narrower reasoning than the plurality opinion. Whenever the concurring opinion would grant relief to a defendant sentenced according to a binding plea agreement, the plurality opinion would agree with the result because, under the logic of the plurality opinion, a

8

defendant should always receive relief. Justice Sotomayor's opinion is the less far-reaching common ground. We already reached this conclusion in dicta when we evaluated the impact of *Freeman* on our precedent and stated that "Justice Sotomayor's concurring opinion can be viewed as the holding in *Freeman*." *United States v. Lawson*, 686 F.3d 1317, 1321 n.2 (11th Cir. 2012).

The decisions of eight sister circuits also support our conclusion that Justice Sotomayor's concurring opinion is the holding of *Freeman*. *See* Garner, *et al.*, *supra*, at 204 ("Almost every federal circuit court to consider the *Marks* issue in *Freeman* has held that [Justice Sotomayor's] opinion is controlling."). The First, Third, and Fourth Circuits reached that conclusion because "the plurality would surely agree that in every case in which a defendant's [Rule 11(c)(1)(C)] plea agreement satisfies the criteria for Justice Sotomayor's exception . . . the sentencing judge's decision to accept that sentence is based on the guidelines." *United States v. Rivera-Martínez*, 665 F.3d 344, 348 (1st Cir. 2011); *see also United States v. Thompson*, 682 F.3d 285, 289 (3d Cir. 2012); *United States v. Brown*, 653 F.3d 337, 340 n.1 (4th Cir. 2011). The Tenth Circuit explained that Justice Sotomayor's concurring opinion is the holding in Freeman because it is a "middle ground." *United States v. Graham*, 704 F.3d 1275, 1277–78 (10th Cir. 2013). And the Fifth, Sixth, Seventh, Eighth Circuits adopted Justice Sotomayor's concurring opinion after stating the *Marks* rule and then stating that Justice

9

Sotomayor's concurring opinion provides the narrowest ground of agreement. *See United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016); *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012); *United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012).

The decisions of two circuits deviate from this majority view and hold that Justice Sotomayor's concurring opinion does not provide the narrowest ground of agreement in *Freeman*, but we find their reasoning unpersuasive. The Ninth and D.C. Circuits explained that the rule in *Marks* applies when one opinion is a "logical subset" of another, broader opinion. *See United States v. Davis*, 825 F.3d 1014, 1021–22 (9th Cir. 2016) (en banc); *United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013). Both courts then determined that Justice Sotomayor's concurring opinion is not a logical subset of the plurality opinion but instead offers a different rationale because the concurring opinion focuses on the parties' agreement and the plurality opinion focuses on "the role of the judge's Guidelines calculations in deciding whether to accept or reject the agreement." *Davis*, 825 F.3d at 1022; *see also Epps*, 707 F.3d at 350. But this narrow focus on the rationale of the opinions in *Freeman* is misplaced.

The Supreme Court has not stated that an opinion can qualify as the "narrowest grounds" of decision only when it "represent[s] a common denominator of the Court's reasoning." *Davis*, 825 F.3d at 1020 (quoting *King v. Palmer*, 950

F.2d 771, 781 (D.C. Cir. 1991) (en banc)); *see also id.* at 1031 (Bea, J., dissenting) ("The . . . 'logical subset' requirement is an invention of the D.C. Circuit that finds no support in *Marks* or any other Supreme Court precedent."). Indeed, the Supreme Court has determined that an opinion is controlling, under *Marks*, even when that opinion does not share common reasoning with the other opinions necessary to support the judgment. *See O'Dell v. Netherland*, 521 U.S. 151, 162 (1997) (adopting Justice White's concurring opinion in *Gardner v. Florida*, 430 U.S. 349 (1977), as the "narrowest grounds of decision among the justices whose votes were necessary to the judgment" even though the concurring opinion relied on a different constitutional amendment than the plurality opinion). "After all, in splintered cases, there are multiple opinions precisely because the Justices did not agree on a common rationale." *United States v. Duvall*, 740 F.3d 604, 613 (D.C. Cir. 2013) (Kavanaugh, J., concurring in the denial of rehearing en banc).

"*Marks* itself determined that a plurality opinion governed as the narrowest grounds of decision notwithstanding that none of the justices that concurred in the judgment "*agreed* with the rule enumerated by the . . . plurality." *Davis*, 825 F.3d at 1034 (Bea, J., dissenting). *Marks* evaluated which opinion provided the holding of the Supreme Court in *A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of the Commonwealth of Massachusetts*, 383 U.S. 413 (1966). The plurality opinion in *Memoirs* determined that literature was

11

protected by the First Amendment unless it satisfied the test of obscenity established by *Roth v. United States*, 354 U.S. 476 (1957). *See Memoirs*, 383 U.S. at 418. Justice Black's and Justice Douglas's concurring opinions in *Memoirs*, in contrast, stated a rule that "the First Amendment provides an absolute shield against governmental action aimed at suppressing obscenity." *Marks*, 430 U.S. at 193. And Justice Stewart's concurring opinion, different still, explained that only hardcore pornography could be suppressed. *Id.* Although six justices agreed that the literature at issue was protected by the First Amendment, only the plurality opinion, joined by three justices, relied on the test in *Roth* to reach that result. Yet the Supreme Court determined that the plurality opinion governed as the "position taken by those Members who concurred in the judgments on the narrowest grounds," *id.* (quoting *Gregg*, 428 U.S. at 169 n.15).

The decision in *Marks* that the plurality opinion in *Memoirs* stated the holding makes clear that when no opinion garners a majority of the votes, the opinion that relies on the narrowest grounds necessary to reach the judgment controls. *See also United States v. Santos*, 553 U.S. 507, 523 (2008) (opinion of Scalia, Souter, and Ginsburg, JJ.) (explaining that the holding of the Court was limited by Justice Stevens's concurrence because his vote was necessary to the judgment and his opinion rested upon the narrower ground). As Judge Bea has explained, "*Marks*' emphasis on the Court's 'judgment' demonstrates that it is the

12

ultimate 'vote' of five Justices that is important in determining the binding effect of a splintered Supreme Court opinion." *Davis*, 825 F.3d at 1035 (Bea, J., dissenting). "That is, *Marks* requires us to find a 'legal standard which, when applied, will necessarily produce *results* with which a majority of the Court from that case would agree." *Id.* (quoting *United States v. Williams*, 435 F.3d 1148, 1157 n.9 (9th Cir. 2006)); *see also Duvall*, 740 F.3d at 608 (Kavanaugh, J., concurring in the denial of rehearing en banc).

As we see it, Justice Sotomayor's opinion provides a legal standard that produces results with which a majority of the Court in *Freeman* would agree because whenever Justice Sotomayor's opinion would permit a sentence reduction, the plurality opinion would as well. The plurality opinion stated that because a judge must "evaluat[e] the recommended sentence in [the] light of the defendant's applicable sentencing range" and determine "either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons" before the judge accepts the agreement, "the court's acceptance is itself based on the Guidelines." *Freeman*, 564 U.S. at 529 (plurality opinion) (internal quotation marks omitted). Justice Sotomayor's opinion, in contrast, provided two examples in which a sentence imposed according to a plea agreement is "based on a sentencing range." Because the district judge must evaluate the sentencing range

13

before accepting the plea agreement, the plurality opinion would reach the same result as Justice Sotomayor's concurring opinion and determine that, in those two circumstances, the defendant was sentenced "based on a sentencing range" and qualifies for a sentence reduction. As a result, Justice Sotomayor's opinion is the narrower opinion.

When applying the rule of *Marks* to a splintered Supreme Court opinion, we must determine which opinion that supports the judgment relied on the narrowest grounds. Applying this rule to *Freeman*, it is clear that Justice Sotomayor's opinion controls because "'sometimes' is a middle ground between 'always' and 'never.'" *Duvall*, 740 F.3d at 612 (Kavanaugh, J., concurring in the denial of rehearing en banc). As a result, we must apply Justice Sotomayor's concurring opinion to determine whether Hughes qualifies for a sentence reduction under section 3582(c)(2).

### B.  Hughes Is Not Eligible for a Sentence Reduction.

The district court did not abuse its discretion when it determined that Hughes is not eligible for a sentence reduction because Hughes's sentence was not based on a sentencing guidelines range. Justice Sotomayor's opinion explained that a trial judge's acceptance of a binding plea agreement is "based on" a sentencing range when the Rule 11(c)(1)(C) agreement calls for a "defendant to be sentenced within a particular Guidelines sentencing range," or the agreement "make[s] clear

14

that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman*, 564 U.S. at 538–39 (Sotomayor, J., concurring in the judgment). Hughes's agreement does neither. His plea agreement does not call for him to be sentenced within a particular sentencing range but instead states that he "should be sentenced to 180 months." And his plea agreement does not "make clear" that the basis for the 180 month recommendation is a guidelines sentencing range.

The plea agreement does not "make clear" that a sentencing range formed the basis for Hughes's sentence. The agreement states that the district court and the probation office will calculate the applicable guidelines range. And the government reserved the right to modify its recommendations about the guidelines. But the agreement does not make any recommendation about a specific application of the Sentencing Guidelines, and the agreement does not calculate Hughes's range or discuss factors that must be used to determine that range, such as Hughes's criminal history. Nor does it set the agreed-upon sentence within the applicable guideline range. Hughes was not sentenced "based on" a guidelines range, and he is not eligible for a sentence modification under section 3582.

## IV. CONCLUSION

We **AFFIRM** the judgment of the district court.

15