**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ANTONIO RODRIGUEZ-SORIANO,
*Defendant-Appellant.*

No. 15-30039

D.C. No.
6:05-cr-00002-
DWM-1

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted December 7, 2016
Seattle, Washington

Filed May 2, 2017

Before: M. Margaret McKeown, Richard C. Tallman,
and Morgan B. Christen, Circuit Judges.

Opinion by Judge McKeown

# SUMMARY[*]

## Criminal Law

The panel affirmed the district court's denial of a motion pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction in light of Sentencing Guidelines Amendment 782, which lowered by two levels the base offense level calculated for certain drug types and quantities.

The panel held that the defendant's original sentence was not "based on" a subsequently lowered guideline range, and that he is therefore ineligible for a sentence reduction under the first requirement of § 3582(c)(2), where the record makes clear that the defendant's initial guideline range played no role in the sentencing court's determination of the appropriate sentence. The panel observed that the sentencing judge's decision about the extent of a substantial-assistance departure was not based on or affected by the guideline range that would have applied in the absence of the statutory mandatory minimum.

The panel noted that in light of Sentencing Guidelines Amendment 780 and U.S.S.G. § 1B1.10(c) (providing that a defendant's amended guideline range shall be determined without regard to the operation of any mandatory minimum if a substantial-assistance motion allowed the court to deviate below the minimum), the defendant's applicable guideline range would be lowered due to Amendment 782, satisfying the second requirement for a reduction under

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

§ 3582(c)(2).  But the panel explained that this inquiry does not resolve whether as a threshold matter the original sentence was "based on" the guideline range initially calculated; and that because in this case it was not, the defendant is not eligible for a reduction.

## COUNSEL

Michael Donahoe (argued), Senior Litigator; Joslyn Hunt, Research Attorney; Anthony R. Gallagher, Federal Defender; Office of the Federal Public Defender, Helena, Montana, for Defendant-Appellant.

Joseph E. Thaggard (argued), Assistant United States Attorney; Michael W. Cotter, United States Attorney; United States Attorney's Office, Missoula, Montana; for Plaintiff-Appellee.

## OPINION

McKEOWN, Circuit Judge:

Congress has provided a limited mechanism for defendants to shave time off their sentences when the Sentencing Commission amends the Sentencing Guidelines with retroactive effect.  In recent years, the Commission amended the Guidelines to reduce the potential time served by defendants convicted of certain drug crimes.  After one of these amendments came into effect, Antonio Rodriguez-Soriano asked the district court to shorten his sentence, but the court declined to do so.  We affirm because the district court properly determined that Rodriguez-Soriano's original

sentence was not actually "based on" a subsequently lowered guideline range, so he is ineligible for a sentence reduction.

## BACKGROUND

In 2005, Rodriguez-Soriano pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Because of the amount of drugs involved, his base offense level was 32 and his total offense level was 29. *See* U.S.S.G. § 2D1.1(c). Although the guideline range was 97–121 months due to his criminal history, his guideline sentence was a mandatory term of life imprisonment because of two prior convictions for felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b).

Before sentencing, the government filed a motion pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Guidelines. This motion permitted the district court to sentence Rodriguez-Soriano below the mandatory life term. 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The district court granted the motion and imposed a sentence of 300 months.

In November 2014, Amendment 782 to the Guidelines became effective, lowering by two levels the base offense level calculated under § 2D1.1(c) for certain drug types and quantities. In Rodriguez-Soriano's case, his offense level dropped from 32 to 30. On that basis, he moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied the motion, determining that Rodriguez-Soriano was ineligible for a reduction because his sentence was not "based on" his guideline range of 97–121 months. Rather, in the district court's view, the record showed that his sentence was "based on" the interplay between the mandatory life term and the government's motion.

## ANALYSIS

Under federal sentencing law, a district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This baseline rule is subject to an important exception: a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission. *Id.* § 3582(c)(2).

In deciding whether to reduce a sentence under § 3582(c)(2), a district court first determines a defendant's eligibility for a reduction. *Dillon v. United States*, 560 U.S. 817, 827 (2010). If a defendant is eligible, the court must then consider the factors in 18 U.S.C. § 3553(a) and assess whether the requested reduction is warranted. *Dillon*, 560 U.S. at 827.

This appeal involves only the first step—the question of *eligibility*. Under this step, a defendant must show (1) that his sentence was "based on" a guideline range that has since been lowered, and (2) that the reduction he seeks is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). These two statutory requirements are distinct, and the defendant must satisfy both to be eligible for a reduction. *In re Sealed Case*, 722 F.3d 361, 364–68 (D.C. Cir. 2013).[1]

---

[1] The Fourth Circuit takes a contrary view. In *United States v. Williams*, 808 F.3d 253, 260, 262–63 (4th Cir. 2015), that court ignored the "based on" language in § 3582(c)(2) and held that the relevant policy statement alone "dictates eligibility for § 3582(c)(2) relief." The dissent in *Williams* disagreed. *Id.* at 264 (Traxler, C.J., dissenting) (maintaining that the defendant was "not eligible for a sentence reduction" because his "sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" (quoting 18 U.S.C.

## I. The Meaning of "Based On" Under § 3582(c)(2)

The meaning of the statutory phrase "based on" was the subject of a divided court in *Freeman v. United States*, 564 U.S. 522, 525–26 (2011), in which the Supreme Court considered whether a sentence is "based on" a guideline range when a defendant is sentenced following a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Parsing the conflicting *Freeman* opinions is essential to understanding our circuit's interpretation of the phrase "based on."

A four-justice plurality in *Freeman* reasoned that a sentence imposed following a Rule 11(c)(1)(C) plea agreement may be "based on" a guideline range. In the plurality's view, a district court may reduce a sentence "to whatever extent" the subsequently lowered guideline range "was a relevant part of the analytic framework the judge used to determine the sentence." *Freeman*, 564 U.S. at 530. To explain this view, the plurality began by noting that district courts "must exercise discretion to impose an appropriate sentence" in every case and that "[t]his discretion, in turn, is framed by the Guidelines." *Id.* at 525. The plurality then concluded that § 3582(c)(2) permits sentence reductions "[w]here the decision to impose a sentence is based on a range later subject to retroactive amendment," so district courts may "correct sentences that depend on frameworks that later prove unjustified." *Id.* at 526.

---

§ 3582(c)(2))). Given our own interpretation of § 3582(c)(2), we cannot embrace the Fourth Circuit's treatment of the statutory language. *See United States v. Davis*, 825 F.3d 1014, 1022–23 (9th Cir. 2016) (en banc).

Put differently, the plurality reasoned that § 3582(c)(2) relief is available to defendants imprisoned "pursuant to sentences that would not have been imposed *but for* a since-rejected, excessive range." *Id.* (emphasis added). The plurality's analysis therefore requires a connection between the sentence imposed and the subsequently lowered guideline range—a connection beyond the district court's mere calculation of the guideline range or the fact that its discretion is always "framed by the Guidelines" to some extent. *See id.* at 525. Accordingly, § 3582(c)(2) "calls for an inquiry into the *reasons* for a judge's sentence." *Id.* at 533 (emphasis added).

The plurality then applied its approach by reviewing the transcript from the sentencing hearing in that case. This review showed that the defendant's sentence was in fact "based on" the relevant guideline range because the district court not only calculated the range but also noted that the sentence imposed fell within the range and expressed independent judgment that the sentence was appropriate in light of that range. *Id.* at 530–31. As a consequence, the defendant was eligible for a reduction because his sentence was "based on" a subsequently lowered guideline range. *Id.* at 531.

Justice Sotomayor concurred in the judgment but took a different approach. She maintained that a sentence imposed following a Rule 11(c)(1)(C) plea agreement is "based on" the agreement itself—rather than on the court's guideline calculation—but she claimed a defendant could still be eligible for a reduction if the agreement expressly incorporated the relevant guideline range. *Id.* at 535–36, 538–39 (Sotomayor, J., concurring in the judgment). By contrast, the four-justice dissent asserted that a defendant sentenced following a Rule 11(c)(1)(C) plea agreement can

never be eligible for a sentence reduction because the sentence will always be "based on" the plea agreement itself. *Id.* at 544 (Roberts, C.J., dissenting).

Although our circuit initially followed Justice Sotomayor's reasoning, *United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012), we changed course in *United States v. Davis*, 825 F.3d 1014, 1016–17 (9th Cir. 2016) (en banc). Because there was no rationale common to a majority of the justices in *Freeman*, we were bound only by the result and so adopted the plurality's more persuasive analysis. *Davis*, 825 F.3d at 1016–17.

Key to our determination was the view that Justice Sotomayor's concurrence is not a "logical subset" of the plurality's reasoning. *Id.* at 1022 (applying *Marks v. United States*, 430 U.S. 188 (1977)). Although the plurality's approach superficially seems to apply more broadly, we concluded that it is narrower in certain respects. *Id.* at 1023. To illustrate the point, we cited two examples where Justice Sotomayor's rationale would allow a sentence reduction but the plurality's would not. *Id.* These examples demonstrated that the plurality focused on what the district court actually used as a basis for the sentence. If the guideline range "played no role" in the district court's determination of the appropriate sentence, the sentence would not be "based on" that range. *See id.* (citation omitted). In other words, if the district court decides to impose a particular sentence "for reasons unrelated to the guideline range," the defendant is ineligible for a reduction because his sentence was not "based on" that range. *See id.* (citation omitted).

Having adopted the plurality's approach, we looked to the transcript from the sentencing hearing to determine whether Davis's sentence was "based on" the relevant guideline range. *Id.* at 1027. The record showed that the

district court initially calculated the range and, after reflecting on the evidence presented, determined that the sentence (which fell within the range) was "fair and reasonable." *Id.* We also noted that the plea agreement itself mentioned the guideline range and several factors that could affect that range. *Id.* We therefore concluded that Davis was eligible for a sentence reduction because his sentence was based on the guideline range. *Id.* at 1028.

## II. Rodriguez-Soriano's Eligibility Under § 3582(c)(2)

With this background in mind, we turn to Rodriguez-Soriano's appeal. He argues that his sentence was "based on" the guideline range subsequently lowered by Amendment 782. The government agrees and urges us to reverse the district court. The parties believe Rodriguez-Soriano is eligible for a reduction due to a different amendment to the Sentencing Guidelines, Amendment 780, which endorses reductions for some defendants who provided substantial assistance.

This is, admittedly, an unusual situation with both the government and the defendant urging us to remand. At the time they filed their briefs, the parties did not have the benefit of our en banc decision in *Davis*. There is, however, a crucial flaw in their argument—the parties disregard the requirement that the district court consider what "role," if any, the relevant guideline range played in determining Rodriguez-Soriano's original sentence. *Davis*, 825 F.3d at 1023 (citation omitted); *see also Freeman*, 564 U.S. at 526 (explaining that § 3852(c)(2) provides relief if a sentence "would not have been imposed but for a since-rejected, excessive range"). This oversight ignores § 3582(c)(2)'s limited scope: under this subsection, a district court may reduce a sentence only "to whatever extent" the range "was a relevant part of the analytic framework the judge used to

determine the sentence." *Freeman*, 564 U.S. at 530. Thus, to determine Rodriguez-Soriano's eligibility for a reduction, we must review the record to see if his sentence was in fact "based on" the guideline range lowered by Amendment 782. *See id.* at 533 ("[§ 3582(c)(2)] calls for an inquiry into the reasons for a judge's sentence . . . .").

The district court began the sentencing hearing with an obligatory calculation of Rodriguez-Soriano's guideline range but never mentioned that range again after concluding it was trumped by the mandatory life term. *See Gall v. United States*, 552 U.S. 38, 49 (2007). The court then granted the government's motion, deviated below the mandatory life term, and imposed a sentence of 300 months.

Reviewing the hearing transcript reveals how and why the district court settled on a 300-month sentence. The government recommended 240 months, which it engineered by making a hypothetical six-level downward departure from the offense level for a mandatory life term. The court then calculated the hypothetical guideline range implicit in the government's recommendation as being 235–293 months. Finally, the court settled on a 300-month sentence, which, though higher than the government's recommendation, "reflect[ed] a downward departure from the life sentence pursuant to" the government's motion.

The record makes clear that Rodriguez-Soriano's initial guideline range "played no role" in the district court's determination of the appropriate sentence, so his sentence was not "based on" that range. *See Davis*, 825 F.3d at 1023 (citation omitted); *see also id.* (explaining that a sentence is not "based on" a guideline range if the court "selects its sentence without regard to [that range]" (citation omitted)). Although the court began by calculating the range, that initial calculation alone did not satisfy § 3582(c)(2)'s "based

on" requirement, nor did it suffice that the court's discretion was "framed by the Guidelines" in some abstract way. *See id.* at 1023 & n.9, 1026. As the district court noted, "[t]he record clearly indicates that the sentencing judge's decision about the extent of the substantial-assistance departure was not based on or affected by the guideline range that would have applied in the absence of the statutory mandatory minimum." In other words, the court imposed the sentence "for reasons unrelated to the guideline range" lowered by Amendment 782, so the sentence was not based on that range in any relevant way. *See id.* at 1023 (quoting *United States v. Epps*, 707 F.3d 337, 350 n.8 (D.C. Cir. 2013)); *see also Freeman*, 564 U.S. at 530 ("§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence . . . .").

The parties essentially argue that the "based on" requirement is no requirement at all. They would read this phrase out of the statute since an initial guideline calculation is always required. *Gall*, 552 U.S. at 49. They assume that, under the *Freeman* plurality's logic, the fact that the district court initially calculated Rodriguez-Soriano's guideline range means that his original sentence was necessarily "based on" that range.[2]   But we have rejected this

[2] Other circuits have accepted this interpretation of the plurality's approach as part of their consideration of the competing opinions in *Freeman*. The Fourth Circuit, for example, adopted Justice Sotomayor's concurrence as the "narrowest opinion" after concluding that the plurality's rule meant district courts "can *always* grant § 3582(c)(2) relief to a defendant who enters into a Rule 11(c)(1)(C) plea agreement." *United States v. Brown*, 653 F.3d 337, 339, 340 & n.1 (4th Cir. 2011) (emphasis added); *see also In re Sealed Case*, 722 F.3d at 365 (noting that the plurality's rule means that "a sentence that emerges from a Rule

"oversimplified" view and our panel is bound by the decision in *Davis*.  825 F.3d at 1023 n.9.

Under § 3582(c)(2), defendants do not "*always*" qualify for a sentence reduction simply because they are sentenced. *Id.*  Rather, defendants are eligible only "when" the sentence was in fact "based on" the subsequently lowered guideline range.  *See id.* at 1017 (quoting *Freeman*, 564 U.S. at 534).  This rule flows from the statute's plain language and adheres to the overall scheme of federal sentencing, in which § 3582(c)(2) has a "narrow scope" and "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission."  *Dillon*, 560 U.S. at 825–26; *accord id.* at 826 ("Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding [through § 3582(c)(2)].").

The parties' invocation of Amendment 780[3] misses the point.  To be sure, this amendment helps defendants who

---

11(c)(1)(C) plea agreement is always eligible for a subsequent reduction"); *United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011) (concluding that the plurality's rule is broader because "the district judge in every case [must] consult the guidelines," so sentences entered pursuant to Rule 11(c)(1)(C) plea agreements are always "based on the guidelines").  We noted these conflicting opinions in *Davis* but "d[id] not find [them] convincing."  825 F.3d at 1024.

[3] Amendment 780 provides:

> Cases Involving Mandatory Minimum Sentences and Substantial Assistance.—If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's

provide substantial assistance by removing an obstacle arguably posed by a policy statement in § 1B1.10 that prohibits reductions when an "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)."     U.S.S.G. § 1B1.10, Application Note 1(A)(ii).  Some courts had interpreted this statement to mean that defendants subject to mandatory minimums were necessarily ineligible for reductions under retroactive amendments similar to Amendment 782. *See, e.g.*, *United States v. Johnson*, 732 F.3d 109, 111 (2d Cir. 2013).  But Amendment 780 clarified that, for defendants who were subject to a mandatory minimum but who were sentenced below that minimum following a substantial-assistance motion, "applicable guideline range" means the range stemming from the court's initial guideline calculation before the mandatory minimum kicked in.  *See* U.S.S.G. Supplement to Appendix C, Amendment 780.  The amendment was then incorporated into the Guidelines at § 1B1.10(c), which now provides that a defendant's amended guideline range "shall be determined without regard to the operation" of any mandatory minimum if a substantial-assistance motion allowed the court to deviate below the minimum.

Rodriguez-Soriano's guideline range of 97–121 months would be different following Amendments 780 and 782.

---

> substantial assistance to authorities, then for purposes
> of this policy statement the amended guideline range
> shall be determined without regard to the operation of
> § 5G1.1 (Sentencing on a Single Count of Conviction)
> . . . .

U.S.S.G. Supplement to Appendix C, Amendment 780.

Amendment 782 would lower his base offense level from 32 to 30, thereby decreasing his total offense level from 29 to 27. Given his criminal history, his amended guideline range would drop to 78–97 months. In light of Amendment 780 and § 1B1.10(c), then, Rodriguez-Soriano's "applicable guideline range" would be lowered due to Amendment 782. Crucially, though, this inquiry goes only to the second requirement under § 3582(c)(2)—whether the sentence reduction Rodriguez-Soriano requests is "consistent with applicable policy statements." It does not resolve whether, as a threshold matter, his original sentence was "based on" the guideline range the district court initially calculated. For that determination, we look to *Davis*. Because the initial guideline range was not relevant in determining Rodriguez-Soriano's sentence, he is ineligible for a reduction under § 3582(c)(2). Had the circumstances of sentencing been different, Rodriguez-Soriano may have benefited from Amendment 782. But in the end, as the district court made clear, his sentence was not "based on" the guideline range.

**AFFIRMED.**