**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10532 |
| Plaintiff-Appellee, | D.C. No.
1:12-cr-00507-DKW-1 |
| v. | |
| RANDALL KAWIKA CHAR, AKA
Randall K. Char, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 16, 2017
Honolulu, Hawaii

Before:  FISHER, PAEZ and NGUYEN, Circuit Judges.

Randall Kawika Char appeals from the district court's judgment and

challenges the 144-month sentence imposed following his guilty plea conviction

for two counts of distributing methamphetamine in violation of 21 U.S.C.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 841(a)(1) and (b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

1. A defendant is eligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2) only if his sentence was "based on" a subsequently lowered guidelines range. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017). Although Char initially argued the district court should have reduced his sentence beyond 144 months, he now concedes the district court should not have reduced his sentence under § 3582(c)(2) at all. Char's sentence was not "based on" a subsequently lowered guidelines range, but on a statutory mandatory minimum and a substantial assistance motion. *See* 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3553(e). Notwithstanding this error, we will not enlarge Char's sentence. A defendant "who appeals but faces no cross-appeal can proceed anticipating that the appellate court will not enlarge his sentence." *Greenlaw v. United States*, 554 U.S. 237, 252 (2008).

2. Upon motion of the government, a district court may impose a sentence below a statutory mandatory minimum to reflect a defendant's substantial assistance in the investigation or prosecution of others. *See* 18 U.S.C. § 3553(e). The district court erred procedurally by not adequately explaining why it rejected the government's recommendation for a 10-year sentence reduction, from 240 to

2

120 months.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (holding a district court commits procedural error when it does not "adequately explain the chosen sentence").  The district court did not give "substantial weight" to the government's evaluation of the defendant's assistance, *see* U.S.S.G. § 5K1.1 cmt. n.3 ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."); nor did it address Char's specific argument that his rehabilitation affected his assistance, *see United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc) ("[W]hen a party raises a specific, nonfrivolous argument . . . the judge should normally explain why he accepts or rejects the party's position.").  Here, the government's recommendation for a considerable reduction of 10 years recognized that Char lived up to his end of the agreement and provided substantial assistance in the investigation notwithstanding that it was somewhat less than anticipated due to factors beyond his control.

**VACATED AND REMANDED**.  On remand, the district court shall reconsider the government's recommendation for a 10-year sentence reduction but may not enlarge Char's sentence beyond 144 months.  *See Greenlaw*, 554 U.S. at 252.