**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30197 |
| Plaintiff-Appellee, | D.C. No. 4:08-cr-00007-SEH |
| v. | |
| DONALD McKENRICK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Donald McKenrick appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

McKenrick contends that he is entitled to a sentence reduction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). The record makes clear that the district court imposed McKenrick's sentence for reasons unrelated to the guideline range lowered by Amendment 782. Because McKenrick's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the district court properly concluded that he was ineligible for a sentence reduction. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1045-46 (9th Cir. 2017). Further, because McKenrick was ineligible, the district court had no cause to consider McKenrick's post-sentencing behavior or any other 18 U.S.C. § 3553(a) considerations. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

**AFFIRMED.**