**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 29 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30267 |
| Plaintiff-Appellee, | D.C. No. 6:06-cr-00010-DWM |
| v. | |
| CHRISTOPHER LEE OSTERLOTH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Christopher Lee Osterloth appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Osterloth contends that he is entitled to a sentence reduction under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). The record makes clear that the district court imposed Osterloth's sentence for reasons unrelated to the guideline range lowered by Amendment 782. Because Osterloth's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1045-46 (9th Cir. 2017). Moreover, contrary to Osterloth's contention, the record reflects that the district court gave due consideration to his motion, consulted the relevant documents, and explained its reasons for denying the motion.

**AFFIRMED.**