**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10458 |
| Plaintiff-Appellee, | D.C. No. 4:10-cr-00865-DCB-LAB-1 |
| v. | |
| ISAAC MONGE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 16, 2018**
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LASNIK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Issac Monge appeals the district court's order denying his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Monge argues that he is entitled to a sentence reduction under United States Sentencing Guidelines Amendment 782. We review "de novo whether a district court has jurisdiction to modify an otherwise final sentence." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court has jurisdiction to modify an imposed sentence where the "defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Monge is not eligible for sentence reduction, because his sentence was not "based on" a subsequently lowered sentencing range. *Id.*; *see also United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017). Neither the prosecution nor the defense argued for a sentence reduction based on the Guidelines, and the district court did not impose a sentence based on the applicable Guidelines range. Rather, the district court stated (1) it was departing substantially below both the Guidelines and the mandatory minimum; and (2) the sentence was based on Monge's conduct herein.

**AFFIRMED.**

2