**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30019 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00137-WFN-29 |
| v. | |
| DANIEL ALLEN FLAHERTY, AKA Daniel Allen Flagherty, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted February 7, 2018
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Daniel Flaherty appeals the order of the district court denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Because Flaherty's

sentence was "based on a sentencing range that has subsequently been lowered by

the Sentencing Commission," we vacate and remand.

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Flaherty's sentence was "based on" the Sentencing Guidelines. First, the Rule 11(c)(1)(C) plea agreement was "clearly rooted in the Guidelines." *United States v. Davis*, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc). The agreement stated the following: "[t]he Defendant understands and acknowledges that the United States Sentencing Guidelines . . . are applicable to this case and that the Court will determine the Defendant's applicable advisory sentencing guideline range at the time of sentencing"; Flaherty had a base offense level of 38 under the drug quantity table, U.S.S.G. § 2D1.1(c)(1); Flaherty could be subject to a two-level adjustment for possession of a firearm under § 2D1.1(b)(1); the government promised to move for a three-level adjustment for acceptance of responsibility under § 3E1.1; Flaherty was a career offender under § 4B1, making his criminal history category VI; and Flaherty intended to move for a downward departure or variance from the guideline range. Second, the district court's decision to accept the plea agreement was based on the guideline range. *See* U.S.S.G. § 6B1.2(c); *Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion). Third, the government expressly relied on the guideline range in seeking a 25-year sentence. *See* Sentencing Tr. 30. Fourth, the district court calculated the guideline range at sentencing. *See* Sentencing Tr. 42.

The district court, moreover, was required to consider the guideline range in imposing a sentence within the agreed-upon range. *See* 18 U.S.C. § 3553(a)(4). As the Supreme Court explained in *Freeman*, "[f]ederal sentencing law requires the district judge *in every case* to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, *in light of the Guidelines* and other § 3553(a) factors." *Freeman*, 564 U.S. at 529 (plurality opinion) (emphasis added) (quoting 18 U.S.C. § 3553(a)). "[T]he Guidelines are the starting point and the initial benchmark, and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations and internal quotation marks omitted); *accord Gall v. United States*, 552 U.S. 38, 49-50 & n.6 (2007); *Freeman*, 564 U.S. at 529 (plurality opinion). This is true even where, as here, the court imposes a sentence below the advisory guideline range. *See Davis*, 825 F.3d at 1026 ("Because judges use the Guidelines range as the starting point, they serve in a real sense as a basis for the sentence, *even where the judge varies from the recommended range*." (emphasis added) (alterations and internal quotation marks omitted)).

The district court concluded the sentence was not "based on" the Guidelines because, under Flaherty's reading, "all sentences would be based on the Guidelines." We disagree. First, it is not surprising that most sentences imposed

3

pursuant to an 11(c)(1)(C) agreement should be "based on" the Guidelines. *Freeman* recognized that this was so when it explained that, "when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is *likely* to be based on the Guidelines." *Freeman*, 564 U.S. at 534 (plurality opinion) (emphasis added). Second, it is not the case that every sentence is "based on" the Guidelines merely because the district court calculates a guideline range. In *Davis*, for example, we explained that a sentence may not be "based on" the guideline range when the sentencing court "rejects it as a matter of policy and selects its sentence without regard to it." *Davis*, 825 F.3d at 1023 (quoting *United States v. Epps*, 707 F.3d 337, 350-51 n.8 (D.C. Cir. 2013)). Similarly, a sentence is not "based on" the guideline range when it is supplanted by the statutory mandatory minimum sentence, as in *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1045 (9th Cir. 2017).

We vacate the order denying Flaherty's motion for a sentence reduction and remand to the district court for proceedings consistent with this disposition. Our decision does not preclude the government from seeking a stay of proceedings in the district court pending the outcome of *United States v. Koons*, 850 F.3d 973 (8th Cir.), *cert. granted*, 138 S. Ct. 543 (2017), or *United States v. Hughes*, 849 F.3d 1008 (11th Cir.), *cert. granted*, 138 S. Ct. 542 (2017).

**VACATED AND REMANDED.**