**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30283 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00062-RSM-1 |
| v. | |
| QUY DINH NGUYEN, AKA The Boss, AKA The Godfather, AKA The Old Man, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted February 7, 2018**
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Quy Dinh Nguyen appeals the district court's denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We affirm.

Nguyen pled guilty to conspiracy to manufacture marijuana and was

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentenced to 304 months imprisonment, to run concurrently with his identical Washington state court sentence for second degree murder and conspiracy to commit leading organized crime. In July 2016, about four years into his sentence, Nguyen filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argued that Amendment 782 to the United States Sentencing Guidelines resulted in a two-level decrease to his total offense level, thereby reducing his guideline range by approximately thirty-five months, from 155–188 months to 121–151 months. Nguyen further contended that a sentencing reduction was warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). The district court denied the motion after concluding, *inter alia*, that Nguyen's sentence was not "based on" a subsequently lowered guideline range as required for a reduction under section 3582(c)(2). Nguyen timely appealed.

"In deciding whether to reduce a sentence under § 3582(c)(2), a district court first determines a defendant's eligibility for a reduction."[1] *United States v.*

---

[1] A defendant's eligibility for a reduction of sentence is a jurisdictional prerequisite to granting a motion for reduction of sentence under section 3582(c)(2). *United States v. Davis*, 825 F.3d 1014, 1028 n.14 (9th Cir. 2016) (en banc); *United States v. Trujillo*, 713 F.3d 1003, 1006 (9th Cir. 2013). Although we generally review the denial of a motion for reduction of sentence for abuse of discretion, *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010), the question "[w]hether a district court has jurisdiction to modify a defendant's sentence under 18 U.S.C. § 3582(c)(2) is a legal question that we review de novo," *Davis*, 825 F.3d at 1019 n.6.

*Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017) (internal citation omitted). To be eligible for a sentencing reduction under section 3582(c)(2), "a defendant must show . . . that his sentence was 'based on' a guideline range that has since been lowered." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). A sentence is not "based on" a subsequently lowered guideline range if the guideline range "'played no role' in the district court's determination of the appropriate sentence." *Id.* at 1043 (quoting *United States v. Davis*, 825 F.3d 1014, 1023 (9th Cir. 2016) (en banc)).

Nguyen's sentence was not "based on" his subsequently lowered guideline range of 155 to 188 months. First, the sentencing recommendation that the parties agreed to in the federal plea agreement was not "clearly rooted in the Guidelines." *Davis*, 825 F.3d at 1027. The parties agreed to recommend a sentence "identical to the sentence to be imposed in the related [state] case." The state court sentence, in turn, was the sentence recommended by the State in the state plea agreement and was tied to the state sentencing range. The federal plea agreement appended the state plea agreement "to reflect the full extent of the promises and consideration provided to [Nguyen]."

Second, at the federal sentencing hearing, the district court explained that "[t]he recommended sentence by both sides, the 304 months, *is obviously tied to what happened in the state court process*. The parties bargained for that to run concurrently with each other, and the court has no objection to making the

sentences concurrent" (emphasis added). Although the district court previously calculated Nguyen's guideline range as it was required to do, the court did not mention the guidelines again. *See Rodriguez-Soriano*, 855 F.3d at 1044.

Third, the district court confirmed its reasoning in its written "Statement of Reasons." In response to the prompt, "[e]xplain the facts justifying a sentence outside the advisory guideline system," the court explained: "Pursuant to the plea agreement . . . the parties agreed to recommend 304 months custody, the same sentence the defendant received in [state court]. The Court concurred with the plea agreement and imposed a sentence of 304 months custody, an upward variance from the established guideline range."

Accordingly, we agree with the district court that "[Nguyen's] sentence of 304 months was not, in any way, based on or even related to the original federal sentencing range of 151 to 188 months." Because the district court lacked jurisdiction to grant Nguyen's motion for reduction of sentence, we do not address Nguyen's arguments as to the section 3553(a) factors.

**AFFIRMED.**