NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOSE LUIS VILLASENOR, a.k.a. Booger Eyes, a.k.a. Green Eyes, <br><br> Defendant-Appellant. | No. 16-50296 <br><br> D.C. No. 2:11-cr-00050-GAF-TJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Jose Luis Villasenor appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Villasenor contends that he is eligible for a sentence reduction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Because Villasenor was sentenced after the district court accepted the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, he is not eligible for relief under section 3582(c)(2) unless "the district court's decision to accept the plea and impose the recommended sentence was based on the Guidelines." *United States v. Davis*, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc) (quotations omitted). The record illustrates the district court accepted the plea agreement's sentencing recommendation for reasons unrelated to the Guidelines. Unlike in *Davis*, Villasenor's plea agreement did not set forth a base offense level under the Guidelines or discuss applicable enhancements or reductions. *See id.* Furthermore, at sentencing the district court made clear it was imposing the recommended sentence "pursuant to the agreement of the parties" regardless of the applicable Guidelines range it initially calculated. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1045 (9th Cir. 2017) ("Although the court began by calculating the range, that initial calculation alone did not satisfy § 3582(c)(2)'s 'based on' requirement, nor did it suffice that the court's discretion was 'framed by the Guidelines' in some abstract way.") (citing *Davis*, 825 F.3d at 1023 & n.9, 1026).

Villasenor's motion for summary reversal is denied.  Although the district court relied on *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012), which was subsequently overruled by *Davis*, its denial of Villasenor's section 3582(c)(2) motion was proper.

**AFFIRMED.**