# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 18, 2013        Decided July 2, 2013

No. 12-3012

IN RE: SEALED CASE

Appeal from the United States District Court
for the District of Columbia
(No. 1:99-cr-00265-01)

Before: GARLAND, *Chief Judge*, and ROGERS and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Recent amendments to the United States Sentencing Guidelines provisions that apply to crack cocaine convictions have triggered a wave of motions under 18 U.S.C. § 3582(c)(2). That statute allows prisoners whose sentences were based on guideline ranges that have since been lowered to petition the district courts for earlier release. *See Dillon v. United States*, __ U.S. __, 130 S. Ct. 2683, 2690 (2010). This appeal asks whether a crack offender sentenced below an otherwise applicable statutory mandatory minimum because he provided substantial assistance to law enforcement is eligible for a sentence reduction under § 3582(c)(2). We hold that he is.

2

I

In February 2000, the appellant pled guilty to possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). Because he had been convicted of a prior felony drug offense, he faced a statutory mandatory minimum prison term of twenty years. 21 U.S.C. § 841(b)(1)(A) (2006) (amended 2011).

The appellant subsequently provided substantial assistance in the prosecution of another case, and in return, the government filed a motion under 18 U.S.C. § 3553(e) and § 5K1.1 of the Guidelines, authorizing the district court to set his sentence below the mandatory minimum and the guideline range. *See* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."); U.S. Sentencing Guidelines Manual § 5K1.1 [hereinafter U.S.S.G.] ("Upon motion of the government stating that the defendant has provided substantial assistance . . . the court may depart from the guidelines.").

At sentencing on May 12, 2000, the district court granted the government's substantial assistance motion and heard argument on the nature, scope, and timeliness of the appellant's assistance. The court then sentenced him to 135 months' imprisonment, explaining:

> The guideline range, if there had not been the mandatory minimum, would have been the 151 to 188 based on the offense level and the category, which is in category 6, an offense level 29.

3

> I will do somewhat of a reduction, not only from the 20 years, looking to what he would have had [with] the mandatory minimums, and then some reduction from what he would have gotten without the mandatory minimums, and I would do a sentence of 135 months, which I think is fair in the context of the record and what's involved in the particular case.

Tr. 5/12/2000, at 32-33. Because the appellant did not begin serving this sentence until he had served out a separate sentence handed down by the D.C. Superior Court, he remains in prison today.

In 2007, the United States Sentencing Commission adopted Amendment 706, reducing the disparity between sentences for powder and crack cocaine offenses by lowering the offense levels associated with given quantities of crack. U.S.S.G. app. C, amend. 706 (Nov. 1, 2007). The Commission subsequently made Amendment 706 retroactive, allowing prisoners sentenced before its passage to petition for earlier release. *Id.* amend. 713 (Mar. 3, 2008). On June 23, 2009, the appellant sought to take advantage of the amendment and moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

While the appellant's motion was pending, the Commission adopted Amendment 750, which further reduced offense levels for crack crimes. U.S.S.G. supp. app. C, amend. 750 (effective Nov. 1, 2011). As with Amendment 706, the Commission made Amendment 750 retroactive. *Id.* amend. 759 (effective Nov. 1, 2011). On October 4, 2011, the appellant filed a second § 3582(c)(2) motion, which incorporated and subsumed his first, seeking the benefit of Amendment 750. Under that amendment, his offense level has been lowered from 29 to 23, yielding an amended guideline range of 92 to 115 months. The appellant therefore requested that the district court reduce his sentence to 92 months, the low end of the amended guideline range. Reducing his sentence to 92 months would result in his immediate release from prison.

The district court denied the appellant's motion, holding that the policy statement found at § 1B1.10 of the Guidelines Manual governing § 3582(c)(2) proceedings barred a prisoner who had been subject to a mandatory minimum from taking advantage of a retroactive amendment that lowered his guideline range. Tr. 1/18/2012, at 6-8.

The appellant argues the district court erred and that he is eligible for a sentence reduction. We have jurisdiction over his appeal under 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291. Because the issues involved present questions of law only, our review is de novo. *See United States v. Berry*, 618 F.3d 13, 16 (D.C. Cir. 2010).

II

A prisoner seeking a sentence reduction under § 3582(c)(2) must show that his sentence was "based on" a guideline range that has since been lowered by the Sentencing Commission, and that the reduction he seeks comports with

U.S.S.G. § 1B1.10. 18 U.S.C. § 3582(c)(2); *see also Berry*, 618 F.3d at 16.

A

In *United States v. Epps*, this court held that the plurality opinion in *Freeman v. United States*, __ U.S. __, 131 S. Ct. 2685 (2011), guides our determination whether a sentence was "based on" a subsequently-lowered range. 707 F.3d 337, 351 (D.C. Cir. 2013). The prisoner in *Freeman* sought a reduction in a sentence that was a condition of a plea agreement he had entered pursuant to Fed. R. Crim. P. 11(c)(1)(C). A four-Justice plurality took a broad view of the matter and reasoned that a sentence is "based on" a guideline range "to whatever extent" that range "was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Freeman*, 131 S. Ct. at 2692-93 (plurality opinion). Using that approach, a sentence that emerges from a Rule 11(c)(1)(C) plea agreement is always eligible for a subsequent reduction because "[t]he Guidelines require the district judge to give due consideration to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condition of the guilty plea." *Id.* at 2692.

Justice Sotomayor concurred in the plurality's judgment but took a narrower view of the eligibility of Rule 11(c)(1)(C) sentences for reductions. She argued that the "term of imprisonment imposed by the sentencing judge [in the Rule 11(c)(1)(C) context] is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation." *Id.* at 2696 (Sotomayor, J., concurring). She would have held that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is eligible for a reduction only where the agreement "expressly uses a Guidelines sentencing range

applicable to the charged offense to establish the term of imprisonment." *Id.* at 2695.

The divergence between the approaches of the plurality and Justice Sotomayor left the Court without a majority opinion. The rule in *Marks v. United States* provides that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." 430 U.S. 188, 193 (1977) (citation and internal quotation marks omitted). Every other circuit to consider the meaning of § 3582(c)(2)'s "based on" requirement has felt bound by Justice Sotomayor's opinion. *See United States v. Duvall*, 705 F.3d 479, 483 n.1 (D.C. Cir. 2013) (listing cases). But we read *Marks* differently and announced in *Epps* that we would follow the plurality's view. Under our precedent in *King v. Palmer*, 950 F.2d 771 (D.C. Cir. 1991) (en banc), the rule in *Marks* applies only where the narrowest opinion in a splintered decision "'represent[s] a common denominator of the Court's *reasoning*; it must embody a position implicitly approved by at least five Justices who support the judgment.'" *Epps*, 707 F.3d at 348 (quoting *King*, 950 F.2d at 781) (emphasis in *Epps*). No position in *Freeman* garnered the support of a majority of the court, binding us only to the result, "namely that § 3582(c)(2) relief is not invariably barred when a sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement." *Id.* at 351. We adopted the plurality's broader view, persuaded that it would reduce the disparities in sentencing that the statute was designed to correct. *Id.* at 351-52.

Under *Epps*, it is clear that the appellant's sentence was "based on" a subsequently-lowered range. Crucially, the district court explained during § 3582(c)(2) proceedings that,

as a result of granting the government's § 3553(e) motion, the appellant's guideline range was the basis for his sentence because his mandatory minimum "no longer applied." *See* Tr. 1/18/2012, at 5. At sentencing, the court announced that it would "do somewhat of a reduction, not only from" the mandatory minimum, but also *a further reduction* from "what he would have gotten without the mandatory minimums." Tr. 5/12/2000, at 32-33. In other words, a further reduction from the guideline range. After taking that reduction, the court arrived at a sentence of 135 months. *Id.* The record leaves no doubt that the appellant's guideline range was "a relevant part of the analytic framework" used in the district court's sentencing calculus, and that his sentence was therefore "based on" his guideline range.[1]

Relying on our decision in *United States v. Cook*, 594 F.3d 883 (D.C. Cir. 2010), the government argues that the appellant's sentence was not "based on" the guideline range, but on his mandatory minimum. *Cook* is easily distinguished. Unlike the appellant, the defendant in *Cook* faced a mandatory minimum but did not provide substantial assistance to law enforcement; therefore, the government made no § 3553(e) motion, and he was actually sentenced to the mandatory minimum. *Id.* at 885. Although the Guidelines require a sentencing court to calculate, as a matter of course, a guideline range before determining whether a mandatory minimum applies, we concluded in *Cook* that this routine and required

---

[1] Even if the *Freeman* concurrence were controlling, it would be unlikely to affect our analysis in this case. Justice Sotomayor did not disagree with the plurality's general interpretation of § 3582(c)(2); her disagreement was limited to the specific context of "binding" Rule 11(c)(1)(C) plea agreements. *See Freeman*, 131 S. Ct. at 2695 ("Sentencing under [Rule 11(c)(1)(C)] agreements . . . is different.").

calculation did not mean that the defendant was sentenced "based on" on his guideline range. *Id.* at 887. The mandatory minimum "trumped" and "rendered irrelevant" the guideline range, which played no role in "determin[ing] the defendant's sentence." *Id.* at 888. Where a defendant actually receives a mandatory minimum sentence, as he did in *Cook*, the sentence is not "based on" his guideline range, and he is ineligible for § 3582(c)(2) relief. By contrast, in this case, granting the § 3553(e) motion freed the district court to use the guideline range and disregard the mandatory minimum. In *Cook*, the guideline range was calculated, as required, but was never a factor in arriving at the sentence; in our case, the appellant's guideline range was the very basis for his sentence.

As the *Freeman* plurality observed, the Commission "determined that [the crack Guidelines] were flawed, and therefore that sentences that relied on them ought to be reexamined." 131 S. Ct. at 2694. It is clear to us that the sentencing court relied on the appellant's "flawed" guideline range in this case, opening the door to "reexamin[ation]" of his sentence in a § 3582(c)(2) proceeding.

B

Having demonstrated that his sentence was "based on" a subsequently-lowered guideline range, the appellant must also show that the sentence reduction he seeks is consistent with U.S.S.G. § 1B1.10, the policy statement governing § 3582(c)(2) proceedings. *See Dillon*, 130 S. Ct. at 2691 (holding that the policy statement is binding on the courts in "determin[ing a] prisoner's eligibility for a sentence modification and the extent of the reduction authorized"); *see also Berry*, 618 F.3d at 17 (observing that a defendant's "eligibility turns on whether a reduction is consistent with the Guidelines policy statement"). Under § 1B1.10, a defendant is

eligible for a sentence reduction if "the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual" that the Commission has determined should apply retroactively. U.S.S.G. § 1B1.10(a)(1). For our purposes, this requirement largely tracks the language of the statute and is satisfied by facts discussed in the previous section: the appellant's original guideline range, 151 to 188 months, has since been reduced by Amendment 750. But the policy statement imposes an additional requirement. It bars a defendant from receiving a reduction where the relevant Guidelines amendment does not have "the effect of lowering the defendant's applicable guideline range" because another Guidelines or statutory provision prevents it from doing so. *Id.* § 1B1.10(a)(2)(B).

According to the government, the appellant's mandatory minimum prevents Amendment 750 from having "the effect of lowering" his guideline range. The government relies principally upon commentary to the policy statement, which provides that "the operation of . . . a statutory mandatory minimum term of imprisonment" prevents a retroactive amendment that otherwise applies to a defendant from having "the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10, cmt.1(A). The district court relied upon this language to hold that it could not grant the appellant a reduction.

The government and the district court would both be correct if the appellant had been subject to the twenty-year mandatory minimum when he was sentenced. The mandatory minimum would have prevented Amendment 750 from lowering the appellant's guideline range, because of the way the Guidelines treat the interaction between a defendant's guideline range and any statutory minimum the court must apply. A sentencing court calculates a guideline range using

the "Application Instructions" at § 1B1.1 of the Guidelines Manual. *See Berry*, 618 F.3d at 14. That provision has eight steps. The first five steps produce the defendant's offense level. U.S.S.G. §§ 1B1.1(a)(1)-(5). At the sixth step, the court finds the defendant's criminal history category. *Id.* § 1B1.1(a)(6). And at step seven the court "[d]etermine[s] the guideline range . . . that corresponds to the offense level and criminal history category determined above." *Id.* § 1B1.1(a)(7); *see also Berry*, 618 F.3d at 18 (explaining that the sentencing court calculates the guideline range applicable to a defendant at the seventh step of § 1B1.1(a)). Once the guideline range has been determined, the district court asks at step eight whether it is subject to any "sentencing requirements" from Chapter Five of the Guidelines, as well as "options related to probation, imprisonment, supervision conditions, fines, and restitution." *Id.* § 1B1.1(a)(8). Those "sentencing requirements" include statutory mandatory minimums. *See id.* § 5G1.1. And, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). In other words, where the mandatory minimum calls for a sentence longer than anything in the guideline range, the statute replaces the guideline range and becomes the guideline sentence. With the guideline range supplanted, the defendant cannot receive the benefit of an amendment that lowers that range.

The Commission allows courts to reduce sentences only where the amended, lower guideline range would have made a difference in the original sentencing. But where a defendant faced a mandatory minimum that trumped his original guideline range, the lowering of that range would have had no effect on the sentence received. *Cf. United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("[Section 3582(c)(2)]

gives the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment.").

In this case, however, the appellant's sentencing involved an additional variable. The government's substantial assistance motion under 18 U.S.C. § 3553(e) "waived" the statutory minimum and permitted the district court to impose a lower sentence based on the appellant's applicable guideline range. *See* U.S.S.G. § 2D1.1 cmt.23 (explaining that a mandatory minimum may be "'waived' and a lower sentence imposed" based upon a defendant's substantial assistance); *see also United States v. Auld*, 321 F.3d 861, 866 (9th Cir. 2003) (observing that under § 3553(e), "the mandatory nature of the statutory minimum is dispensed with"). Because of the government's substantial assistance motion, no mandatory minimum was at work when the district court sentenced the appellant. And without the bar of the mandatory minimum, no provision kept Amendment 750 from having "the effect of lowering" the appellant's applicable guideline range, leaving the appellant eligible under the policy statement to pursue a sentence reduction.

C

The government maintains that § 3582(c)(2) relief is never available to those who avoided a mandatory minimum sentence because of their substantial assistance. *See* Appellee's Br. at 8; Tr. 4/18/2013 at 18. That categorical position has been upheld by other circuits. *See United States v. Glover*, 686 F.3d 1203 (11th Cir. 2012); *United States v. Roa-Medina*, 607 F.3d 255 (1st Cir. 2010); *United States v. Carter*, 595 F.3d 575 (5th Cir. 2010); *United States v. Monroe*, 580 F.3d 552 (7th Cir. 2009); *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009);

*United States v. Johnson*, 564 F.3d 419 (6th Cir. 2009); *United States v. Byers*, 561 F.3d 825 (8th Cir. 2009); *United States v. Hood*, 556 F.3d 226 (4th Cir. 2009); *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009). *But see United States v. Savani*, __ F.3d __, 2013 WL 2462941 (3d Cir. Jun. 10, 2013) (holding, on rule of lenity grounds, that § 1B1.10 is ambiguous and § 3553(e) defendants are eligible for sentence reductions).

Several of these other courts have held that § 3553(e) defendants were sentenced "based on" their mandatory minimums, not their subsequently-lowered guideline ranges, despite the fact that sentencing courts used the defendants' guideline ranges after granting § 3553(e) motions. *See, e.g.*, *Roa-Medina*, 607 F.3d at 259-60; *Hood*, 556 F.3d at 235-36. But these courts lacked *Freeman*'s guidance that a defendant's sentence is "based on" a subsequently-lowered guideline range "to whatever extent" that range "was a relevant part of the analytic framework the judge used to determine the sentence . . . ." *Freeman*, 131 S. Ct. at 2692-93 (plurality opinion). In at least two additional cases, sentencing courts explicitly stated that they *were not* relying upon defendants' guideline ranges to determine the extent of substantial assistance departures. *See Jackson*, 577 F.3d at 1035-36; *Williams*, 551 F.3d at 186.

Likewise, to the extent these courts held that sentence reductions for § 3553(e) defendants are never consistent with § 1B1.10, their reasoning proceeded from the flawed premise that these defendants' "applicable guideline ranges" are their mandatory minimum "guideline sentences," which amendments to the Guidelines cannot lower. *See, e.g.*, *Hood*, 556 F.3d at 234-35 ("[T]he only 'guideline range applicable' . . . was the statutorily mandated 'guideline sentence' . . . ."); *see also Glover*, 686 F.3d at 1204-05; *Johnson*, 564 F.3d at 423.

The government has advanced the same argument here, relying upon U.S.S.G. § 5G1.1(b), which, as we have seen, provides that a defendant's "statutorily required minimum sentence shall be [his] guideline sentence." U.S.S.G. § 5G1.1(b). According to the government, a mandatory minimum "guideline sentence" does not just defeat a defendant's "applicable guideline range"; it *becomes* the defendant's applicable guideline range. *Cf. Glover*, 686 F.3d at 1204 ("Because the statutory mandatory minimum sentence was greater than the otherwise applicable guidelines range, the statutory mandatory minimum of life imprisonment became the guidelines range of life in prison."). This distinction is significant. According to the government, § 3553(e) did not "waive" the mandatory minimum so that no "guideline sentence" trumped the appellant's applicable guideline range. Instead, the government argues, § 3553(e) authorized the sentencing court to depart below the appellant's mandatory minimum "guideline sentence," which was *also* his applicable guideline range.

We reject the government's argument because it runs counter to the plain language of the Guidelines. The Commission defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10, cmt.1(A). A sentencing court uses a defendant's offense level and criminal history category to find a guideline range at step seven of the Application Instructions*, see id.* § 1B1.1(a)(7), *prior to* determining whether a mandatory minimum applies at step eight. *See id.* § 1B1.1(a)(8). The appellant's twenty-year mandatory minimum cannot "correspond to" his offense level and criminal history category under the Guidelines because it is a creature of statute,

unaffected by those variables. *See Savani*, 2013 WL 2462941, at *5 n.5 ("A defendant is not assigned a new offense level or criminal history category by operation of the mandatory minimum. Rather, the guideline range that is applicable to that offense level and criminal history category is simply trumped by the mandatory minimum . . . .").

The government's argument also clashes with the text of § 5G1.1, which by its own terms distinguishes between an "applicable guideline range" and a "guideline sentence." *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); *see also Berry*, 618 F.3d at 18 ("Chapter 5 of the Guidelines repeatedly uses 'applicable guideline range' to describe the guideline range resulting from application of steps [one] through [seven] of the Guidelines' Application Instructions in § 1B1.1."). Section 5G1.1 juxtaposes the terms "applicable guideline range" and "statutorily required minimum sentence" in several examples to illustrate how a mandatory minimum can either restrict or trump a defendant's applicable guideline range. U.S.S.G. § 5G1.1, cmt. The mandatory minimum, in other words, *acts upon* the already-determined "applicable guideline range"; it does not *become* the guideline range. The policy statement does not foreclose § 3553(e) defendants from receiving reductions on that basis.[2]

---

[2] In a recent decision, the Third Circuit overruled its own precedent and became the first appeals court to hold that § 1B1.10 does not categorically block § 3553(e) defendants from receiving sentence reductions. *Savani*, 2013 WL 2462941, at *1. But it did so by applying the rule of lenity, after concluding that the Guidelines are ambiguous as to whether a defendant's "applicable guideline range" includes his mandatory minimum, and that the defendant should get the benefit of that ambiguity. *Id.* at *9. A concurring

Indeed, elsewhere the policy statement implicitly confirms that § 3553(e) defendants may be eligible for sentence reductions. U.S.S.G. § 1B1.10(b) states that the maximum reduction a defendant may receive is a reduction to the low end of his new, post-amendment guideline range, *unless* he was sentenced below his applicable guideline range pursuant to one of several government motions that may be filed to reward substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B). Those motions, according to the Guidelines commentary, are U.S.S.G. § 5K1.1, Fed. R. Crim. P. 35(b), and *18 U.S.C. § 3553(e)*. *Id.* § 1B1.10, cmt.3. The Commission, in other words, clearly anticipated that *some* prisoners who received sentences lower than their mandatory minimums thanks to § 3553(e) motions would nevertheless be eligible for sentence reductions. *Cf. Savani*, 2013 WL 2462941, at *7 (observing that this section of the commentary "appears to contemplate that a defendant who was sentenced below his applicable mandatory minimum because he received a § 3553(e) reduction for substantial assistance, might be eligible for a sentencing reduction").

## III

Because the district court has authority to reduce the appellant's sentence, we remand for further § 3582(c)(2) proceedings.

Of course, the appellant's eligibility for a reduction does not *entitle* him to a lower sentence. "[W]hether, and to what extent, a reduction . . . is warranted," U.S.S.G. § 1B1.10(b)(1),

---

member of the *Savani* panel would not have resorted to the rule of lenity, because it "could not be clearer" from the definition of the term in § 1B1.10 that a defendant's "applicable guideline range" is determined without reference to any mandatory minimum. *Id.* at *11 (Fuentes, J., concurring).

are decisions left to the discretion of the district court, as guided by the policy statement and the sentencing factors listed at 18 U.S.C. § 3553(a). *See* U.S.S.G. § 1B1.10(b); 18 U.S.C. § 3582(c)(2) (providing that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable").[3] As the *Freeman* plurality observed:

> What is at stake in this case is a defendant's eligibility for relief, not the extent of that relief. Indeed, even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate. District judges have a continuing professional commitment, based on scholarship and accumulated experience, to a consistent sentencing policy. They can rely on the frameworks they have devised to determine whether and to what extent a sentence reduction is warranted in any particular case.

130 S. Ct. at 2694 (plurality opinion). With that in mind, we remand so that the district court may consider whether the facts of the appellant's case warrant a reduced sentence.

---

[3] "Section 3553(a) provides that a 'court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection,' and it enumerates several factors a court 'shall consider' in determining an appropriate sentence, including 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *Dillon*, 130 S. Ct. at 2688 n.2 (quoting 18 U.S.C. § 3553(a)(1)).

## IV

For the foregoing reasons, we reverse and remand to the district court for further proceedings consistent with this opinion.

*So ordered.*