# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 26, 2021
Lyle W. Cayce
Clerk

No. 17-50806

United States of America,

*Plaintiff—Appellee*,

*versus*

Israel Lopez, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2332-1

Before Owen, *Chief Judge*, and Wiener and Dennis, *Circuit Judges*.
Priscilla R. Owen, *Chief Judge*:

Israel Lopez, Jr., pleaded guilty to one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine and one count of conspiracy to possess with intent to distribute more than fifty kilograms of marijuana. After the district court imposed concurrent sentences of 210 months on each count, an amendment to the Sentencing Guidelines retroactively lowered the base offense levels for Lopez's drug offenses by two levels. The district court reduced Lopez's sentence on the cocaine count, but it did not reduce his sentence on the marijuana count. Lopez appeals, arguing that he was eligible for a reduction on the marijuana count.

No. 17-50806

Under 18 U.S.C. § 3582(c)(2), an inmate is eligible for a reduction in his term of imprisonment if the inmate "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] The question presented in this case is complex: whether Lopez is eligible for a reduction under this statute when the district court sentenced him to 210 months' confinement on each of two drug offenses, running concurrently, after he received a downward departure from his initial sentencing range for providing substantial assistance to the government, given that the base drug offense levels for each count has retroactively been reduced, and given further that one of those counts is subject to a statutory maximum term of imprisonment. Because Lopez's "applicable guideline range" is distinct from his "guideline sentence," he is eligible for a sentence reduction. We therefore vacate the judgment of the district court and remand the case for re-sentencing consistent with this opinion.

## I

The Presentence Investigation Report (PSR) grouped the two counts in accordance with section 3D1.2 of the United States Sentencing Guidelines (Guidelines).[2] The PSR stated that Lopez was responsible for 11.45 kilograms of cocaine and 104.56 kilograms of marijuana, resulting in a base offense level of 32.[3] Lopez received a two-level enhancement because he committed the offense as part of a criminal livelihood, and a four-level

---

[1] 18 U.S.C. § 3582(c)(2).

[2] U.S. Sent'g Guidelines Manual §§ 3D1.2(b), (d) (U.S. Sent'g Comm'n 2010) [hereinafter USSG].

[3] *Id.* § 2D1.1(a)(5).

enhancement for his aggravating role in the offense.[4]  Those enhancements resulted in an adjusted offense level of 38.

The PSR also stated that Lopez qualified as a career offender under section 4B1.1 of the Guidelines, which would result in an offense level of 37.[5] However, because the adjusted offense level from the drug quantity finding (38) was higher than the offense level from the career offender determination (37), the PSR used the drug quantity offense level.  After a three-level reduction for acceptance of responsibility,[6] Lopez's total offense level was 35.  Because Lopez was a career offender, his criminal history category was Category VI.[7]  The total offense level of 35 combined with his Category VI criminal history produced a guideline range of 292 to 365 months' imprisonment.[8]

Under section 5G1.1(a) of the Guidelines, if a "statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."[9]  Accordingly, because the statutory maximum sentence for Lopez's marijuana count was only twenty years,[10] his "guideline sentence" for that count was 240 months.[11]

Prior to sentencing, the Government moved for a three-level

---

[4] *Id.* § 3B1.1(a).

[5] *Id.* § 4B1.1.

[6] *Id.* § 3E1.1.

[7] *Id.* § 4B1.1(b).

[8] *Id.* at ch. 5, pt. A, sentencing tbl.

[9] *Id.* § 5G1.1(a).

[10] 21 U.S.C. § 841(b)(1)(C).

[11] USSG § 5G1.1(a).

No. 17-50806

downward departure pursuant to section 5K1.1 of the Guidelines. That provision provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the [G]uidelines."[12] The departure would place Lopez at a level 32 with a possible guideline range of 210 to 262 months. At sentencing, the district court adopted the PSR, including the Guidelines calculations, without change. The court implicitly granted the Government's motion for downward departure, creating new hypothetical sentencing ranges of 210 to 262 months on the cocaine count and 210 to 240 months on the marijuana count. The district court imposed concurrent sentences of 210 months on each count. The court's Statement of Reasons indicated that its sentence departed from the advisory guideline range because of the Government's 5K1.1 motion for downward departure.

More than three years after the court sentenced Lopez, Amendment 782 to the Guidelines retroactively lowered the base offense levels for most drug offenses by two levels.[13] The district court appointed the Federal Public Defender to represent prisoners, including Lopez, who were potentially eligible for a sentence reduction based on the amendment.

A probation officer prepared revised Guidelines calculations. Subtracting two levels from Lopez's original adjusted offense level of 38, the officer determined that Lopez's revised adjusted offense level for the drug quantities would be 36, while his career offender offense level would remain at 37 and thus control. The officer determined that, with the three-level

---

[12] *Id.* § 5K1.1.

[13] U.S. Sent'g Guidelines Manual supp. app. C, amend. 782, 788 (U.S. Sent'g Comm'n 2014).

reduction for acceptance of responsibility, Lopez's new total offense level was 34. In light of Lopez's revised total offense level of 34, the officer determined that Lopez's revised guideline range was 262 to 327 months.[14] But because the statutory maximum sentence for the marijuana count was only twenty years,[15] the "guideline sentence" for that count continued to be 240 months.[16] The officer found that Lopez's original 210-month sentences represented a 28.09% decrease from the original guideline range of 292 to 365 months on the cocaine count and a 12.5% decrease from the original 240-month "guideline range" on the marijuana count. So, the officer determined that a sentence of 188 months represented a "proportionate" sentence with a 28.09% reduction from the "new applicable range" for the cocaine count and that a sentence of 210 months represented a "proportionate" sentence with a 12.5% reduction from the "new applicable guideline range" for the marijuana count.

The Federal Public Defender and the Government submitted a joint Agreed Order Amending Judgment, which asked the district court to sentence Lopez to 188 months on each count. Instead, the district court reduced Lopez's sentence on the cocaine count to 188 months but did not reduce his original 210-month sentence on the marijuana count. For the marijuana count, the district court stated, the original and amended "guideline range" was 240 months, which would make Lopez ineligible for a sentence reduction on that count.[17] Lopez appeals, arguing that the district

---

[14] USSG ch. 5, pt. A, sentencing tbl.

[15] 21 U.S.C. § 841(b)(1)(C).

[16] *See* USSG § 5G1.1(a).

[17] *See id.* § 1B1.10(a)(2)(B) ("A reduction . . . is not authorized . . . if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

court incorrectly held that the guideline range was not reduced on the marijuana count.  To lessen confusion regarding many similar terms, we adopt the following definitions:

- "Initial guideline range" refers to Lopez's first guideline range at his original sentencing, based on his offense level and criminal history category, before the application of section 5G1.1 or section 5K1.1.  Lopez's "initial guideline range" was 292 to 365 months.

- "Guideline sentence" refers to Lopez's guideline calculation after the operation of section 5G1.1, which says that Lopez's statutory maximum supersedes his initial guideline range because his statutory maximum (240 months) is less than the minimum of the initial guideline range (292 to 365 months).  Lopez's "guideline sentence" is 240 months.

- The "guideline range applicable" to Lopez, as used in section 1B1.10, is disputed.

  - Lopez contends that the "guideline range applicable" to him is the same as his "initial guideline range"—292 to 365 months.

  - The Government contends that the "guideline range applicable" to Lopez is his "guideline sentence"—240 months.

- "Revised guideline range" refers to Lopez's guideline range after Amendment 782, which reduced the quantity-determined base offense levels in the drug-trafficking guideline by two levels. Lopez's "revised guideline range" is 262 to 327 months.

Lopez argues that the district court erred in holding that his guideline range for the marijuana count did not change, thus making him ineligible for an 18 U.S.C. § 3582 reduction on that count.  Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. [§] 994(o)," so long as the "reduction is consistent with applicable policy statements."[18]  If the court determines that § 3582 applies,[19] we conduct a two-step inquiry when considering a § 3582(c)(2) motion.[20]  First, we must determine whether a reduction is consistent with section 1B1.10 of the Guidelines by determining the defendant's eligibility for a reduction and the extent of the authorized reduction.[21]  Under that section, a defendant is eligible for a reduction only if an amendment lowered the "guideline range applicable."[22]  The 2018 Guidelines define this term as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to [section ]1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."[23]  Then, if the defendant is eligible for a reduction, a district court considers the applicable 18 U.S.C. § 3553(a) factors to determine whether that reduction is warranted, either in whole or in part, under the particular circumstances of the case.[24]  We first consider whether Lopez preserved error.

## II

If Lopez preserved the error "by specific objection in the trial

---

[18] 18 U.S.C. § 3582(c)(2); *accord United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (per curiam).

[19] *See Koons v. United States*, 138 S. Ct. 1783, 1790 (2018) (holding that defendants must "satisfy § 3582(c)(2)'s threshold 'based on' requirement" to be eligible for a sentence reduction).

[20] *Dillon v. United States*, 560 U.S. 817, 826 (2010).

[21] *Id.* at 826-27.

[22] *See* USSG § 1B1.10(a)(1).

[23] U.S. Sent'g Guidelines Manual § 1B1.10 cmt. 1(A) (U.S. Sent'g Comm'n 2018).

[24] *Dillon*, 560 U.S. at 826.

court,"[25] the court should "review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, its interpretation of the [G]uidelines de novo, and its findings of fact for clear error."[26] If Lopez "failed to make his objection . . . sufficiently clear, the issue is considered forfeited, and we review only for plain error."[27] "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice."[28] We conclude that Lopez preserved error.

Our circuit lacks a bright-line rule for determining whether a litigant raised an argument below.[29] We often frame the inquiry as whether the argument was raised to such a degree that the district court had an opportunity to rule on it.[30] In *N.Y. Life Ins. Co. v. Brown*, the plaintiff complained that by not adequately raising the argument below, the defendant forfeited the issue of whether he "appeared" in the action.[31] After a grant of summary judgment for the plaintiff, the defendant filed a motion to vacate,

---

[25] *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir 2012) (citing *United States v. Gharbi*, 510 F.3d 550, 554 (5th Cir. 2007)).

[26] *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (citations and emphasis omitted).

[27] *Chavez-Hernandez*, 671 F.3d at 497 (citations omitted).

[28] *Id.* (first citing *United States v. Olano*, 507 U.S. 725 (1993); and then citing *United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005)).

[29] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n.4 (5th Cir. 1996) (citing *First United Fin. Corp. v. Specialty Oil Co., Inc.–I*, 5 F.3d 944, 948 n.9 (5th Cir. 1993)).

[30] *See, e.g.*, *Belt v. EmCare, Inc.*, 444 F.3d 403, 409 (5th Cir. 2006); *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

[31] 84 F.3d at 141 n.4.

complaining that he never received notice before the granting of summary judgment.[32]  After the court denied his motion, the defendant appealed, arguing again that he did not receive notice of the summary judgment, and more specifically, that he was entitled to such notice because he "appeared" in the proceedings.[33]  The court reasoned that "[w]hile [the defendant] might have raised the issue more specifically, we are persuaded that his motion to vacate the judgment met the threshold level to avoid forfeiture."[34]

Here, the Government and Lopez submitted an agreed order to reduce Lopez's sentence.  Through the order, Lopez informed the court of the action he wished the court to take.[35]  The argument, albeit an implied one, that the law entitled Lopez to a sentence reduction was raised to such a degree that the district court had an opportunity to rule on it.  Indeed, it is the only thing the district court ruled on.

Because the district court was on notice of the action that Lopez wished the court to take, our review of the district court's order is not confined to plain error.  Instead, we review the district court's interpretation of the Guidelines de novo.[36]

### III

We now evaluate whether Lopez's term of imprisonment was "based on a sentencing range that has subsequently been lowered."[37]  "For a

---

[32] *Id.* at 141.

[33] *Id.* at 141-42 & n.4.

[34] *Id.* at 141 n.4.

[35] *See* FED. R. CRIM. P. 51(b).

[36] *See United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017) (quoting *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009)).

[37] 18 U.S.C. § 3582(c)(2).

No. 17-50806

sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part in the framework the sentencing judge used' in imposing the sentence."[38] "The Guidelines range will often play that part, for district judges must calculate the defendant's advisory range and then will frequently tie the sentence they impose to that range."[39]

In *Koons v. United States*, the Supreme Court considered whether defendants satisfied this threshold eligibility requirement.[40] Critically, Guidelines section 5G1.1 provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."[41] In *Koons*, in "each of petitioners' cases, the top end of the Guidelines range fell below the applicable mandatory minimum sentence, and so the [lower] court concluded that the mandatory minimum superseded the Guidelines range."[42] The defendants sought a reduced sentence under 18 U.S.C. § 3553(e) and its corresponding Guidelines provision, which provide that the court may impose a sentence below the mandatory minimum if the defendant has substantially assisted the government in the prosecution of other crimes.[43] The Supreme Court held that the defendants' sentences were not based on a lowered Guidelines range, but rather on the mandatory minimum guideline sentence:

> Their sentences were not "based on" the lowered Guidelines

---

[38] *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018) (brackets omitted) (quoting *Hughes v. United States*, 138 S. Ct. 1765, 1778 (2018)).

[39] *Id.* (citing *Hughes*, 138 S. Ct. at 1775-76).

[40] *Id*.

[41] USSG § 5G1.1(b).

[42] *Koons*, 138 S. Ct. at 1787.

[43] *Id*. at 1787-88.

ranges because the District Court did not consider those ranges in imposing its ultimate sentences. On the contrary, the court scrapped the ranges in favor of the mandatory minimums, and never considered the ranges again; as the court explained, the ranges dropped out of the case.[44]

Here, after granting the section 5K1.1 motion for downward departure, the district court determined that Lopez's guideline range for the marijuana count was 210 months (the lower end of the Guidelines range) to 240 months (the statutory maximum). Thus, the guideline range was "a relevant part of the analytic framework the judge used to determine the sentence."[45] The Government's motion under section 5K1.1 was framed in terms of a departure from total offense levels. The Government requested "a departure amount of Three (3) levels," which "would place [Lopez] at a level Thirty-Two (32) with a possible guideline range of 210-262 months." Unlike the district court in *Koons*, the court here did not discard or "scrap[] the ranges in favor of the mandatory minimums . . . never consider[ing] the ranges again."[46] The district court here explicitly relied on Lopez's initial guideline range in calculating the level of departure under section 5K1.1. Therefore, Lopez passes the threshold "based on" requirement.

## IV

Finally, we determine whether Lopez is eligible for a reduction under Guidelines section 1B1.10, which requires that the "guideline range applicable" to him be lowered. Again, the 2018 Guidelines define this as "the guideline range that corresponds to the offense level and criminal

---

[44] *Id*. at 1788.

[45] *Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018) (quoting *Freeman v. United States*, 564 U.S. 522, 530 (2011) (plurality opinion)).

[46] *Koons*, 138 S. Ct. at 1788.

history category determined pursuant to [section ]1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."[47]    Lopez argues that the "guideline range applicable" to him is his "initial guideline range"—the range that was calculated before considering the statutory maximum that became his "guideline sentence" by operation of section 5G1.1.  He argues that the "guideline range applicable" to him is his "initial guideline range" of 292 to 365 months, not his "guideline sentence" of 240 months.  Because the "guideline range applicable" to him is his "initial guideline range," and Amendment 782 lowered his "initial guideline range," Lopez argues, he is eligible for a sentence reduction.

The Government leans heavily on *United States v. Carter*[48] in support of its position that the "guideline range applicable" to Lopez is indistinguishable from his "guideline sentence," but *Carter*'s holding has been abrogated by subsequent Guidelines amendments.  In *Carter*, the defendant's "guideline range" was 87 to 108 months.[49]  However, the statutory minimum was 120 months.[50]  Thus, under section 5G1.1 of the Guidelines, the "statutory minimum became the applicable 'guideline sentence.'"[51]  A later Guidelines amendment changed Carter's guideline range to 70 to 87 months.[52]  The statutory minimum, 120 months, remained

---

[47] U.S. Sent'g Guidelines Manual § 1B1.10 cmt. 1(A) (U.S. Sent'g Comm'n 2018).

[48] 595 F.3d 575 (5th Cir. 2010) (per curiam).

[49] *Id.* at 577.

[50] *Id.* at 576.

[51] *Id.* at 577 (quoting USSG § 5G1.1(b)).

[52] *Id.*

the guideline sentence.[53] Carter, like Lopez, argued that he was eligible for a reduction because his guideline range was lowered.[54] The *Carter* court framed the question before it as "whether the district court correctly concluded that Carter is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and [section 1B1.10 of the Guidelines], in light of the statutory minimum sentence."[55]

The *Carter* court considered what constituted "the guideline range applicable" to Carter under section 1B1.10 of the Guidelines.[56] Carter argued that the court should consider the guideline range in the sentencing table "even though a statutory minimum guideline sentence superseded that range."[57] The court "reject[ed] this argument because . . . the term 'guideline range applicable' in [section] 1B1.10 includes a statutory minimum sentence when such a minimum applies."[58] The *Carter* court "agree[d] with the Eleventh Circuit that for purposes of determining eligibility for a sentence reduction, the statutory-minimum 'guideline sentence' becomes the applicable 'guideline range,'"[59] and that "a subsequent amendment to . . . the unutilized guideline range calculation[] does not provide grounds for a sentence reduction."[60]

The Government argues that *Carter*'s holding be extended to the

---

[53] *See id.* at 577, 579.

[54] *Id.* at 579-80.

[55] *Id.* at 577.

[56] *Id.* at 580.

[57] *Id.* (citing USSG § 5G1.1(b)).

[58] *Id.*

[59] *Id.*

[60] *Id.* at 581.

No. 17-50806

present case, involving a statutory maximum. However, in 2014, after *Carter* was decided, section 1B1.10 was amended.[61] Amendment 780, incorporated at Guidelines section 1B1.10(c), effectively abrogated *Carter*'s holding.[62] Amendment 780 created a special rule for determining the revised guideline range for defendants like Carter—those who were subject to a statutory minimum penalty when originally sentenced but were relieved of that statutory minimum because of the government's motion for substantial assistance.[63] The rule holds that when an offender is thereby eligible for a sentence below a statutory minimum, the defendant's guideline range when he seeks a sentence reduction under § 3582(c)(2) "shall be determined without regard" to the statutory minimum.[64] In essence, the statutory minimum does not supersede the "initial guideline range"—therefore, the "guideline range applicable" to the defendant is the "initial guideline range," not the "guideline sentence."[65]

In enacting this amendment, the Sentencing Commission disagreed with the principle announced by this court in *Carter* and similar holdings in other circuits—that the "guideline range applicable" to the defendant becomes the statutory minimum.[66] Amendment 780 has thus abrogated

---

[61] *See* U.S. Sent'g Guidelines Manual supp. app. C, amend. 780 (U.S. Sent'g Comm'n 2014).

[62] *Id.* at supp. app. C, amend. 780; *id.* § 1B1.10(c) (policy statement incorporating Amendment 780).

[63] *See* 18 U.S.C. § 3553(e) (allowing a district court to sentence a defendant below the statutory minimum pursuant to the government's motion for substantial assistance).

[64] *See* U.S. Sent'g Guidelines Manual § 1B1.10(c) (U.S. Sent'g Comm'n 2014).

[65] *See id.*

[66] The Supreme Court in *Koons* acknowledged the policy statement but did not apply it because the defendants there did not pass the threshold "based on" requirement in § 3582(c)(2). *See Koons v. United States*, 138 S. Ct. 1783, 1790 (2018) ("[B]ecause

No. 17-50806

*Carter*; in so doing, the Commission sought to "ensure[] that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance."[67]   As explained more fully below, the Government's theory would deny Lopez the full benefits of his assistance.

In addition to Amendment 780, two cases from neighboring circuits provide further support for our conclusion: *In re Sealed Case*[68] and *United States v. Savani*.[69]   In *In re Sealed Case*, the D.C. Circuit held that the defendant was eligible for a sentence reduction despite the presence of a statutory minimum.  The Government argued, similar to the Government's argument today, that "a mandatory minimum 'guideline sentence' does not just defeat a defendant's 'applicable guideline range'; it *becomes* the defendant's applicable guideline range."[70]   The court held that the defendants were eligible for a reduction, in part because the "plain language" of the Guidelines "distinguishes between an 'applicable guideline range' and

---

petitioners do not satisfy § 3582(c)(2)'s threshold 'based on' requirement, the Commission had no power to enable their sentence reductions."); U.S. SENT'G GUIDELINES MANUAL supp. app. C, amend. 780 (U.S. SENT'G COMM'N 2014) (stating that the amendment "generally adopts the approach of . . . the District of Columbia Circuit in *In re Sealed Case*"); *In re Sealed Case*, 722 F.3d 361, 368-70 (D.C. Cir. 2013) (disagreeing with *Carter* and similar cases in other circuits and holding that a defendant in Carter's position was eligible for a reduction).

[67] U.S. SENT'G GUIDELINES MANUAL supp. app. C, amend. 780 (U.S. SENT'G COMM'N 2014).

[68] 722 F.3d 361 (D.C. Cir. 2013).

[69] 733 F.3d 56 (3d Cir. 2013).

[70] *In re Sealed Case*, 722 F.3d at 369 (emphasis in original).

No. 17-50806

a 'guideline sentence.'"[71]

*In re Sealed Case* specifically distinguished *Carter*. The D.C. Circuit explained, "A sentencing court uses a defendant's offense level and criminal history category to find a guideline range at step seven of the Application Instructions . . . *prior to* determining whether a mandatory minimum applies at step eight."[72]    A "mandatory minimum cannot 'correspond to' [a defendant's] offense level and criminal history category under the Guidelines because it is a creature of statute, unaffected by those variables."[73]    *United States v. Savani* further explains this "step seven" point:

> In support of their position, appellants point out that the terminology the Commission selected for the description of "applicable guideline range" mirrors, in-part, the language of § 1B1.1(a)(7). Section 1B1.1(a)(7) requires the sentencing court to calculate a defendant's initial guideline sentence by "[d]etermin[ing] the guideline range" from the table in § 5A "*that corresponds to the offense level and criminal history category determined* " in steps (a)(1)-(a)(6). In Application Note 1(A) of § 1B1.10, the Sentencing Commission defines "applicable guideline range" as "the guideline range *that corresponds to the offense level and criminal history category determined* pursuant to § 1B1.1(a) . . . ."
>
> We presume that this choice of language by the Sentencing Commission is deliberate.  Appellants contend that the Sentencing Commission's choice to incorporate this language into the new definition of "applicable guideline range" demonstrates the Commission's intent to define the phrase as the initial guidelines sentencing range calculated under § 5A; if the Commission had not intended such a result,

---

[71] *Id.* (citing USSG § 5G1.1(b)).

[72] *Id.* (emphasis in original) (citations omitted).

[73] *Id.* (citing *Savani*, 733 F.3d at 63 n.5).

it would not have utilized this language. Appellants urge that the sentencing range ascertained at § 1B1.1(a)(7) is the result of the culmination of steps § 1B1.1(a)(1)-(a)(6), *i.e.,* that the steps of § 1B1.1(a)(1)-(a)(6) are the prerequisite steps the sentencing court must proceed through before it can reach step § 1B1.1(a)(7) and determine the range associated with the offense level and criminal history category. Thus, the definition's reference to § 1B1.1(a), combined with the inclusion of terminology that mirrors § 1B1.1(a)(7), indicates that the Commission intended "applicable guideline range" to refer to the intersection between the offense level and criminal history category at § 1B1.1(a)(7), not the sentence required by a mandatory minimum as subsequently determined at step § 1B1.1(a)(8).[74]

The appellants' argument in *Savani* is persuasive. Based on *Koons* and the overarching purpose of § 3582(c)(2), we conclude the "guideline range applicable" to Lopez was his "initial guideline range." Because that range has been subsequently lowered, Lopez is eligible for a sentence reduction. Here, the court assigned Lopez a total offense level of 35 and a criminal history category of VI, resulting in an initial guideline range of 292 to 365 months. The Government moved for a three-level downward departure for substantial assistance pursuant to Guidelines section 5K1.1. Significantly, the court calculated this departure from Lopez's "initial guideline range." Indeed, that is the only conceivable way to implement the Government's motion, as the court cannot depart three levels from the "guideline sentence" of 240 months. Now that a Guidelines amendment has reduced this "initial guideline range," the Government contends that the reduction should be calculated from the "guideline sentence" as the starting point, as opposed to the "initial guideline range." That is not how the district court

---

[74] 733 F.3d at 62-63 (alterations and emphasis in original) (citations omitted).

calculated Lopez's reduction at his original sentencing, and it is not how we calculate it now.

The overarching purpose of § 3582(c)(2)—to impose the sentence the defendant would have received if the revised Guidelines had applied at the time of his sentencing—also militates in favor of a reduction.[75] If the revised Guidelines were in place at the time Lopez was sentenced, his offense level would have been 37, and his criminal history category would have stayed at VI. This would have placed him in the guideline range of 262 to 327 months. The Government would have moved for a three-level downward departure under section 5K1.1, reducing his range to 188 to 235 months.

\*     \*     \*

We hold that Lopez's sentence is "based on" his initial guideline range because that range "played 'a relevant part in the framework the sentencing judge used' in imposing [Lopez's] sentence."[76] We further hold that the "guideline range applicable" to Lopez is his "initial guideline range" of 292 to 365 months. Amendment 780 lowered the "guideline range applicable" to Lopez from 292 to 365 months to 262 to 327 months. Therefore, we VACATE the judgment and REMAND to the district court for the ultimate determination of whether a reduction of Lopez's sentence is warranted. This decision is left to the discretion of the district court, as

---

[75] *See* USSG § 1B1.10(b)(1) ("[T]he court shall determine the amended guideline range that would have been applicable to the defendant if the [revised Guidelines] had been in effect at the time the defendant was sentenced.").

[76] *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018) (brackets omitted) (quoting *Hughes v. United States*, 138 S. Ct. 1765, 1778 (2018)).

No. 17-50806

guided by the policy statement and the sentencing factors listed at 18 U.S.C. § 3553(a).[77]

---

[77] *See* USSG § 1B1.10(b); 18 U.S.C. § 3582(c)(2) (providing that "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable").