# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-30812
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Short,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:96-CR-232-1

———————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Michael Short, federal prisoner # 22355-034, appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and sections 401 and 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5220, 5222 (2018) (FSA). We review for an abuse of discretion.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30812

*See United States v. Lopez*, 989 F.3d 327, 332 (5th Cir. 2021); *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020).

As he does not address the denial of § 3582(c)(2) relief based upon Amendment 599 to the Sentencing Guidelines, Short has abandoned any challenge to that denial. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). The district court properly denied § 3582(c)(2) relief under Amendment 782 to the Sentencing Guidelines because Short's base offense level was derived from the U.S.S.G. § 2K2.1(c)(1)(B) cross-referenced to U.S.S.G. § 2A1.1(a), not U.S.S.G. § 2D1.1(c), such that his guidelines range was not lowered by Amendment 782. *See United States v. Morgan*, 866 F.3d 674, 675–77 (5th Cir. 2017). Although Short argues that the district court misapplied the sentencing guidelines, miscalculated his guidelines range, and failed to explain its reasons for applying § 2A1.1, such arguments relating to his original sentencing are not cognizable in a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

Section 401 of the FSA does not apply retroactively to Short's case since he was sentenced prior to its enactment. *See United States v. McClaren*, 13 F.4th 386, 417 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1244 (2022). Further, none of the offenses for which he sought a sentence reduction under FSA § 404 constitutes a "covered offense" such that FSA § 404 affords him no grounds for relief. *See United States v. Jackson*, 945 F.3d 315, 319–20 (5th Cir. 2019).

AFFIRMED.