# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 16, 2024

Lyle W. Cayce
Clerk

No. 24-10616
Summary Calendar

─────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Ybarra, Jr.,

*Defendant—Appellant*.

─────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-194-5

─────────────────────────────

Before Richman, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Antonio Ybarra, Jr., federal prisoner number 06151-510, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence for conspiracy to possess with intent to distribute cocaine. He contends that the district court erred by denying him a sentence reduction

───────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under Amendment 821 to the Sentencing Guidelines despite his entitlement to a reduction of two criminal history points under U.S.S.G. § 4A1.1(e).

We review de novo the district court's determination that it was not authorized under the Guidelines to grant a reduction. *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). We may affirm the district court's application of the Guidelines on any basis supported by the record. *United States v. Roussel*, 705 F.3d 184, 195 (5th Cir. 2013).

To receive a § 3582(c)(2) reduction, a defendant must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "For a sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part in the framework the sentencing judge used' in imposing the sentence." *United States v. Lopez*, 989 F.3d 327, 333 (5th Cir. 2021) (quoting *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018)).

Our review of the record indicates that, in granting a downward departure, the district court based Ybarra's 180-month sentence not on the initial guidelines range, but rather on various case-specific factors, including Ybarra's relative culpability as compared to two of his codefendants and the sentences that the court had already imposed upon those two codefendants. Thus, because the record indicates that Ybarra's initial guidelines range was ultimately "scrapped," *Koons*, 138 S. Ct. at 1788, and did not play a relevant part in the final sentencing framework, *see Lopez*, 989 F.3d at 333, his sentence was not based on that range such that he is not eligible for a sentence reduction despite the range being lowered by Amendment 821. *See* 18 U.S.C. § 3582(c)(2).

AFFIRMED.