# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2025

Lyle W. Cayce
Clerk

No. 24-50256
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Robin M. Gatewood,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-138-1

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Robin M. Gatewood, federal prisoner # 27771-180, appeals the denial of his omnibus motion for a (i) sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) (FSA); (ii) compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A); (iii) sentence reduction pursuant to § 3582(c)(2), based on Amendments 706

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and 782 to the Sentencing Guidelines; and (iv) sentence reduction based on the U.S. Attorney General's memorandum on crack cocaine. We review for an abuse of discretion. *See United States v. Lopez*, 989 F.3d 327, 332 (5th Cir. 2021); *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

As to Gatewood's request for a sentence reduction under § 404 of the FSA and under § 3582(c)(2), the district court found that relief was not warranted in light of, inter alia, the 18 U.S.C. § 3553(a) factors, including the nature, circumstances, and seriousness of his offenses, along with his criminal history. 18 U.S.C. § 3553(a)(1), (a)(2)(A). Gatewood does not meaningfully challenge the district court's § 3553(a) findings. While he emphasizes the fact that he has been rehabilitated in prison and that he would receive familial support if released, his arguments amount to a mere disagreement with the district court's reasoning, which is not sufficient to demonstrate an abuse of discretion. *See Batiste*, 980 F.3d at 479; *United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009).

Furthermore, while Gatewood raises several legal challenges to his underlying sentence based on post-sentencing changes in the law, the district court implicitly found that any such changes in the law did not counsel in favor of relief, and Gatewood has shown no abuse of discretion in that determination. *See Concepcion v. United States*, 597 U.S. 481, 500-02 (2022). Moreover, his arguments challenging his sentence are not cognizable in a § 3582(c)(2) motion. *See Evans*, 587 F.3d at 674; *cf. United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Based on the foregoing, Gatewood has shown no abuse of discretion in the district court's denial of a sentence reduction based on § 404 of the FSA or Amendments 706 and 782 to the Guidelines. *See Lopez*, 989 F.3d at 332; *Batiste*, 980 F.3d at 469.

No. 24-50256

As to Gatewood's request for compassionate release, he does not challenge the district court's finding that he failed to exhaust his administrative remedies before filing his motion. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A). As to his request for a sentence reduction under the U.S. Attorney General's memorandum on crack offenses, he does not challenge the district court's finding that the memorandum did "not create a substantive or procedural right by which Gatewood may seek a sentence reduction." Any such challenges are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, Gatewood fails to demonstrate any abuse of discretion in the district court's denial of compassionate release or denial of relief based on the Attorney General's memorandum. *See Chambliss*, 948 F.3d at 693.

AFFIRMED.