# United States Court of Appeals for the Fifth Circuit

No. 25-60203
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Wade Ashley Walters,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:20-CR-26-1

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:*

Wade Ashley Walters, federal prisoner # 21647-043, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 216-month total sentence for conspiracy to commit healthcare fraud and conspiracy to commit money laundering. He contends that the district court erred in denying a sentence reduction under Amendment 821 to the Sentencing

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60203

Guidelines because (i) he was eligible for a sentence reduction under U.S.S.G. § 4C1.1; (ii) the district court was allowed to reduce his sentence to a term that was below the minimum of the amended guidelines range because received a sentence reduction based on substantial assistance; and (iii) the district court failed to apply the 18 U.S.C. § 3553(a) factors to determine whether a sentence reduction was warranted. We review de novo the district court's determination that it was not authorized under the Guidelines to grant a reduction. *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

To receive a § 3582(c)(2) reduction, a defendant must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "For a sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part in the framework the sentencing judge used' in imposing the sentence." *United States v. Lopez*, 989 F.3d 327, 333 (5th Cir. 2021) (quoting *Koons v. United States*, 584 U.S. 700, 705 (2018)).

Our review indicates that, in granting a downward departure, the district court did not base Walters's 216-month sentence on any of its alternative determinations of the guidelines range. Because the record indicates that these guidelines ranges were ultimately "scrapped," *Koons*, 584 U.S. at 705, and did not play a relevant part in the final sentencing framework, *see Lopez*, 989 F.3d at 333, his sentence was not based on those ranges; accordingly, he is not eligible for a sentence reduction despite the range being lowered by Amendment 821. *See* 18 U.S.C. § 3582(c)(2).

AFFIRMED.